OPINION OF THE COURT
Dan Lamont, J.
The petitioner in the above-entitled support proceeding has belatedly attempted to file written objections to the order of Hearing Examiner James A. Spencer dated October 26, 1988 and entered October 27, 1988, granting respondent’s petition for modification seeking downward modification of child support.
Family Court Act § 439 (e) provides in applicable part as follows: "The determination of a hearing examiner shall include findings of fact and a final order which shall be entered *963 and transmitted to the parties. Specific written objections to such order may be submitted by either party to the court within thirty days after entry of the order. A party filing objections shall serve a copy of such objections upon the opposing party, who shall have thirteen days from such service to serve and file a written rebuttal to such objections. Proof of service upon the opposing party shall be filed with the court at the time of filing of objections and any rebuttal.” (Emphasis supplied.)
The petitioner’s written objections were mailed to the respondent’s attorney on November 25, 1988 and were delivered to the private residence of a deputy clerk of the Schoharie County Family Court at approximately 10:00 p.m. on Friday, November 25, 1988. The Schoharie County Family Court is open and conducts business Monday through Friday from 9:00 a.m. to 5:00 p.m. This court holds and determines that the delivery of written objections to the private residence of a deputy clerk of the Family Court of Schoharie County does not constitute a filing of written objections within the meaning and intent of the statute. Petitioner’s attorney is admonished that his conduct in tracking down and personally serving a court employee on a Friday night during her time off was clearly discourteous and inappropriate and appears to border upon unprofessional conduct.
Accordingly, this court holds and determines that such specific written objections were not filed or submitted to the court within 30 days after entry of the order, and that such specific written objections should be and the same hereby are denied and dismissed upon the court’s own motion.
(On Reargument, February 2,1989)
This is a motion for reargument relative to this court’s written decision dated December 1, 1988, dismissing for failure of timely filing the petitioner’s specific written objections to an order of the Hearing Examiner entered October 27, 1988.
In support of her motion for reargument, petitioner cites General Construction Law § 25-a (1) which provides in applicable part as follows: "When any period of time, computed from a certain day, within which or after which or before which an act is authorized or required to be done, ends on a Saturday, Sunday or a public holiday, such act may be done on the next succeeding business day”.
*964 The order of the Hearing Examiner was entered on October 27, 1988; therefore, petitioner had 30 days after entry of such order to submit specific written objections (Family Ct Act § 439 [e]). Petitioner’s time to file objections expired on Saturday, November 26, 1988; therefore, petitioner correctly points out that she had until the next business day — Monday, November 28, 1988 — to file written objections (General Construction Law § 25-a [1]).
The specific written objections were brought to the Schoharie County Family Court at 9:00 A.M., on Monday, November 28, 1988, by a deputy clerk of the Schoharie County Family Court because such written objections had been delivered to one of her children at her private residence at approximately 10:00 p.m. on Friday night, November 25, 1988.
While such conduct by petitioner’s attorney was clearly discourteous and inappropriate and most probably reveals his panic and apparent lack of knowledge at that time of the provisions of General Construction Law § 25-a (1), the fact remains that the specific written objections, as well as proof of service upon respondent’s attorney by mail on November 25, 1988, were actually received by the Schoharie County Family Court on November 28, 1988 at 9:00 a.m.
While this court could probably rationally hold that the manner of transmittal of the papers to the court was a nullity, the fact remains that the merits of this support case involve the support rights of two young children whose weekly support was reduced by the Hearing Examiner from $175 per week to $110 per week (a $3,380 per year reduction).
Based upon the provisions of General Construction Law § 25-a (1), and in the exercise of discretion and in the interests of justice, petitioner’s motion for reargument is hereby granted. This court’s written decision dated December 1, 1988, dismissing petitioner’s written objections is hereby rescinded. This court holds and determines that petitioner’s specific written objections were timely filed, and respondent’s attorney is granted 13 days after service of a copy of this decision to file a written rebuttal to such objections.