■ In the Matter of MARGARET ROSENKRANZ, Appellant, v MARTIN J. ROSENKRANZ, Respondent. [603 NYS2d 237] —Yesawich Jr., J. Appeal from an order of the Family Court of Saratoga County (Ferradino, J.), entered April 23, 1992, which, in a proceeding pursuant to Family Court Act article 4, granted respondent's motion to dismiss petitioner's written objections to a decision of a Hearing Examiner.

In January 1991 petitioner commenced this proceeding seeking, *inter alia,* child support for the parties' children. On February 4, 1992, an amended decision and order of the Hearing Examiner was entered in the office of the Family Court Clerk of Saratoga County. Petitioner mailed a copy of her written objections to Family Court on March 5, 1992, the 30th day after the Hearing Examiner's decision was entered, but they were not received by the court until March 9, 1992. Family Court granted respondent's motion to dismiss the objections as untimely, prompting this appeal by petitioner.

Family Court Act § 439 (e) provides in pertinent part that "written objections to [a Hearing Examiner's] order may be submitted by either party to the court within thirty days after

entry of the order". At issue is whether the term "submitted", which is not defined in the statute, means actual receipt of the objections by the court within 30 days, or whether, as urged by petitioner, merely placing them in the mail within the 30-day time period suffices.

The term "submit" is found only rarely within the procedural statutes, as for example when a motion is submitted, a technical use of the term (see, Siegel, NY Prac § 247, at 373 [2d ed]), or with reference to the "submission" of an order or judgment for signing and entry (see, 22 NYCRR 202.48 [c]). As there appears to be no authority that provides a clear-cut definition of the term, general principles of statutory construction must be drawn upon to discern the Legislature's intent.

In this case, one need look no farther than the remainder of Family Court Act § 439 (e) to discover the intended meaning of "submit". Although the word "submitted" is the phrase initially used in this statute, it goes on to state that a "party *filing* objections shall serve a copy of such objections upon the opposing party" and that "[p]roof of service upon the opposing party shall be *filed* with the court at the time of *filing* of objections" (Family Ct Act § 439 [e] [emphasis supplied]). Read as a whole (see, *People v Mobil Oil Corp.*, 48 NY2d 192, 199), it is apparent that the section contemplates a single presentment of the objections to the court, using the terms "submit" and "file" interchangeably. Where, as here, "it appears that the Legislature intended the same meaning to attach to both", the mere fact that different words are used does not warrant attributing different meanings to each (McKinney's Cons Laws of NY, Book 1, Statutes, § 236, at 403). In short, the word "submit" is properly viewed, in this context, as a synonym for "file" (*cf., Matter of O'Brien v O'Brien*, 156 AD2d 778, 779; *Matter of Doris B. v Michael B.*, 141 Misc 2d 962).

Having previously held that placement in a mail receptacle does not constitute filing with the court (see, *Stein v Wainwright's Travel Serv.*, 92 AD2d 961; *People v Proctor*, 87 Misc 2d 893; *compare*, CPLR 2102, *with* CPLR 2103), we find no reason to depart from that holding here. By explicitly setting forth when the filing or service of papers by mail will be deemed acceptable (see, e.g., CPLR 2103 [b] [2]; Election Law § 1-106), the Legislature has implicitly recognized that mailing is not sufficiently reliable so as to be treated as a substitute for actual delivery in every instance. Because the objections were not actually filed with Family Court within the 30-day period, they were properly dismissed as untimely.

Weiss, P. J., Mikoll and Crew III, JJ., concur. Ordered that the order is affirmed, without costs.