■ In the Matter of Susan E. Dambrowski, Respondent, v Paul E. Dambrowski, Appellant. [778 NYS2d 733]—Mercure, J.P. Appeals (1) from an amended order of the Family Court of Albany County (Reilly, S.M.), entered December 30, 2002, which, inter alia, in a proceeding pursuant to Family Ct Act article 4, amended certain portions of a prior order of child support, and

(2) from an order of said court (Tobin, J.), entered April 15, 2003, which denied respondent's objections to the Support Magistrate's denial of his motion for reconsideration.

The parties were divorced in 1999. In 2002, petitioner sought to enforce a child support agreement against respondent, who then sought a downward modification of child support. Following a hearing, a Support Magistrate reduced respondent's child support obligation from $300 to $140 per week and ruled that he owed $9,906.58 in arrears. Upon respondent's objections, Family Court determined that the parties' agreement, contained in a stipulation incorporated by reference but not merged into the judgment of divorce, was invalid. Family Court remanded the matter to the Support Magistrate for a determination of the correct amount of arrears and, further, indicated that respondent's share of health insurance premiums should be calculated from the date of the petition for modification.

Respondent alleges that the Support Magistrate's amended order of December 30, 2002 did not include properly recalculated arrears. Respondent filed an appeal to this Court from the amended order and moved before the Support Magistrate for reargument and renewal. On February 11, 2003, the Support Magistrate denied respondent's motion and declined to amend its decision. Respondent then filed objections dated March 14, 2003 to both the amended order and the order denying his motion to reargue or renew. Family Court concluded that "[n]o timely objection to [the amended] order was filed" and denied the objections to the denial of the motion to reargue or renew. Respondent now also appeals from Family Court's order denying his objections.

Inasmuch as respondent failed to file timely objections to the Support Magistrate's December 30, 2002 amended order, Family Court properly declined to entertain those objections (see Family Ct Act § 439 [e]; Matter of Rosenkranz v Rosenkranz, 198 AD2d 592, 593 [1993]; Matter of Hafford v Hafford, 162 AD2d 890, 890 [1990]). In addition, the failure to file timely objections precludes appellate review and the appeal from the Support Magistrate's amended order must be dismissed (see Matter of Ballard v Davis, 248 AD2d 858, 859 [1998], lv denied 92 NY2d 803 [1998]; Matter of Niagara County Dept. of Social Servs. v Samuel M., 222 AD2d 1071, 1071 [1995]; Matter of Patrick v Gil, 162 AD2d 848, 848-849 [1990]). In our view, Family Court's order also properly denied respondent's objections to the Support Magistrate's denial of his motion to renew and reargue because respondent failed to present any newly discovered evidence or to demonstrate that the Support Magistrate "over-

looked or misapprehended the relevant facts, or misapplied any controlling principle of law" (*Foley v Roche*, 68 AD2d 558, 567 [1979]; *see* CPLR 2221 [d] [2]; [e] [2]; *Spa Realty Assoc. v Springs Assoc.*, 213 AD2d 781, 783 [1995]).

Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the appeal from the amended order entered December 30, 2002 is dismissed, without costs. Ordered that the order entered April 15, 2003 is affirmed, without costs.