■ In the Matter of JOANNE GARLAND, Respondent, v GEORGE GARLAND, Appellant. [811 NYS2d 581]—In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Grella, J.), dated May 25, 2005, which denied his objections to two orders of the same court (Cahn, S.M.) both dated March 14, 2005, on the ground that the orders were entered upon his default in appearing.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court properly denied the appellant's objections to the Support Magistrate's orders on the ground that the orders were entered upon his default in appearing. The proper procedure to challenge an order entered upon a default is a motion to vacate the default and, if necessary, appeal from the denial of that motion (*see Matter of Natanya Sharay G.,* 232 AD2d 487, 488 [1996]). Since the appellant failed to move pursuant to CPLR 5015 (a) (1) to vacate his default in appearing prior to the issuance of the order appealed from, the appellant was barred from raising that issue on appeal (*see Matter of Geraldine Rose W.,* 196 AD2d 313, 317 [1994]). "If a defaulting party were

not obligated to move to reopen the default, the Family Court, and the reviewing court, would have no basis to weigh the excuse and potential defense" (*Matter of Geraldine Rose W., supra* at 317).

We do not reach the merits of the appellant's contentions. Schmidt, J.P., Crane, Skelos and Lifson, JJ., concur.