■ In the Matter of WALTER H. TAURINS, Appellant, v ELLEN S. TAURINS, Respondent. [968 NYS2d 888]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Queens County (Lubow, J.), dated August 12, 2011, which denied his objections to two orders of the same court (Blaustein, S.M.), both dated March 3, 2011, which, upon his failure to appear for a scheduled court date, respectively, (1) inter alia, in effect, granted the mother's petition for enforcement of an order of the same court dated February 3, 2003, directing the entry of a money judgment in the mother's favor against the father, and calculated the sum of child support arrears to be $66,132.33 as of February 28, 2011, and (2) dismissed, without prejudice, his petition for modification of the order dated February 3, 2003.

Ordered that the order dated August 12, 2011, is affirmed, without costs or disbursements.

The Family Court properly denied the father's objections to the Support Magistrate's orders dated March 3, 2011, entered

upon the father's failure to appear for a scheduled court date. The proper procedure to challenge an order entered upon default is to move to vacate the default and, if necessary, to appeal from the denial of that motion (*see* CPLR 5015 [a] [1]; *Matter of Garland v Garland*, 28 AD3d 481 [2006]). Here, the father failed to move pursuant to CPLR 5015 (a) (1) to vacate his default in appearing for a scheduled court date, thus barring him from raising his arguments on appeal (*see Matter of Garland v Garland*, 28 AD3d at 481). Dillon, J.P., Roman, Miller and Hinds-Radix, JJ., concur.