Rose, J.E
Appeal from an order of the Family Court of Broome County (Connerton, J.), entered March 23, 2012, which, in a proceeding pursuant to Family Court Act article 4, among other things, denied respondent’s objections to the order of a Support Magistrate.
Petitioner and respondent are the parents of a daughter (born in 2008). In November 2011, petitioner commenced this proceeding alleging that respondent was in violation of a court order mandating that he pay 50% of the child’s day-care expenses. After respondent failed to appear at the scheduled hearing, the Support Magistrate found him in willful violation of his child support obligation and entered a money judgment for the ar *1277 rears. Respondent then wrote to Family Court objecting to the judgment and requesting another hearing. Family Court denied respondent’s objections based on his failure to move to vacate the default. The court further advised respondent that it would “forward [his] correspondence to the Support Magistrate for . . . consideration and for determination if it is sufficient to constitute a motion filed pursuant to [CPLR] 5015.” When respondent heard nothing further, he filed this appeal from Family Court’s order.
Respondent concedes that he failed to appear and that he failed to utilize the proper remedy of moving before the Support Magistrate to vacate the default (see CPLR 5015 [a]; Matter of Ball v Marshall, 103 AD3d 1270, 1271 [2013]; Matter of Chautauqua County Dept. of Social Servs. v Rita M.S., 94 AD3d 1509, 1510 [2012]; Matter of Garland v Garland, 28 AD3d 481, 481-482 [2006]). Accordingly, Family Court properly denied his objections and, in our view, the court’s offer to forward the papers to the Support Magistrate did not excuse respondent from making a proper motion, particularly considering that Family Court advised him to do so. Inasmuch as respondent is only entitled to a direct appeal to this Court after making a motion to the Support Magistrate to vacate the default and then, if necessary, filing objections with Family Court (see Family Ct Act § 439 [e]; Matter of Dambrowski v Dambrowski, 8 AD3d 913, 914 [2004]; Matter of Semonae YY., 239 AD2d 716, 717 [1997]; cf. Reynolds v Reynolds, 92 AD3d 1109, 1110 [2012]), the merits of the Support Magistrate’s order are not properly before us.
Spain, Garry and Egan Jr., JJ., concur. Ordered that the appeal is dismissed, without costs.