■ Ellen Dobbyn-Blackmore et al., Plaintiffs/Third-Party Plaintiffs-Appellants, v City of New York et al., Respondents. 6401 4th Ave. Corp., Third-Party Defendant-Respondent. [1 NYS3d 193]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Velasquez, J.), dated January 16, 2013, which denied their motion, denominated as one pursuant to CPLR 2221 (e) for leave to renew or, in the alternative, pursuant to CPLR 2221 (d) for leave to reargue, their prior opposition to the separate motions of the defendants and the third-party defendant pursuant to CPLR 3126 to strike the complaint and third-party complaint for failure to comply with a certain discovery order, but which was, in actuality, one pursuant to CPLR 5015 (a) (1) to vacate an order of the same court dated March 2, 2012, granting the unopposed separate motions of the defendants and third-party defendant pursuant to CPLR 3126 to strike the complaint and third-party complaint for failure to comply with a certain discovery order.

Ordered that the order dated January 16, 2013, is affirmed, with costs.

The Supreme Court properly denied the plaintiffs' motion, denominated as one pursuant to CPLR 2221 (e) for leave to renew or, in the alternative, pursuant to CPLR 2221 (d) for leave to reargue, their prior opposition to the separate motions of the defendants and the third-party defendant pursuant to CPLR 3126 to strike the complaint and third-party complaint for failure to comply with a certain discovery order. In actuality, the plaintiffs sought to vacate an order dated March 2, 2012, which granted those motions upon the plaintiffs' default in opposing the motions. Thus, the plaintiffs' motion should have been made pursuant to CPLR 5015 (a) (1), and we construe it as such (*see generally Mount Sinai Hosp. v Dust Tr., Inc.*, 104 AD3d 823, 824-825 [2013]).

"In order to vacate a default in opposing a motion pursuant to CPLR 5015 (a) (1), the moving party is required to demonstrate a reasonable excuse for his or her default and a potentially meritorious opposition to the motion" (*Delvalle v Mercedes Benz USA, LLC*, 117 AD3d 893, 893 [2014] [internal quotation marks omitted]). Here, the plaintiffs failed to demonstrate a reasonable excuse for their default in opposing the motions. The plaintiffs' claim of law office failure was undetailed, conclusory, unsubstantiated and, under the circumstances presented here, did not constitute a reasonable excuse for their default (*see Eastern Sav. Bank, FSB v Charles*, 103 AD3d 683, 684 [2013]; *Herrera v MTA Bus Co.*, 100 AD3d 962, 963 [2012]). Since the plaintiffs failed to demonstrate a reasonable excuse for their default, it is unnecessary to determine whether they demonstrated the existence of a potentially meritorious opposition to the motions (*see Herrera v MTA Bus Co.*, 100 AD3d at 963).

The plaintiffs' remaining contentions are without merit.

Accordingly, the plaintiffs' motion was properly denied. Hall, J.P., Cohen, Hinds-Radix and LaSalle, JJ., concur.