■ In the Matter of WEN ZONG YU, Appellant, v HUA FAN, Respondent. [998 NYS2d 908]—

Appeal from an order of the Family Court, Queens County (Stephen J. Bogacz, J.), dated March 7, 2014. The order denied the father's objections to a prior order of that court (Sudeep Kaur, S.M.) dated February 6, 2014, which, upon his failure to appear on a scheduled court date, in effect, denied his petition for a downward modification of his child support obligation.

Ordered that the order is affirmed, without costs or disbursements; and it is further,

Ordered that on the Court's own motion, the parties are directed to show cause why an order should or should not be made and entered imposing such sanctions and costs, if any, against the father pursuant to 22 NYCRR 130-1.1 (c) as this Court may deem appropriate, by filing an affidavit on that issue in the office of the Clerk of this Court and serving one copy of the same on each other on or before March 4, 2015; and it is further,

Ordered that the Clerk of the Court, or her designee, is directed to serve the parties with a copy of this decision and order by regular mail.

The Family Court properly denied the father's objections to the Support Magistrate's order dated February 6, 2014, entered upon the father's failure to appear for a scheduled court date. The proper procedure to challenge an order entered upon default is to move to vacate the default and, if necessary, to ap-

peal from the denial of that motion (*see* CPLR 5015 [a] [1]; *Matter of Taurins v Taurins*, 108 AD3d 723, 724 [2013]; *Matter of Garland v Garland*, 28 AD3d 481, 481 [2006]). Accordingly, the merits of the father's contentions may not be raised on this appeal (*see Matter of Taurins v Taurins*, 108 AD3d at 724; *Matter of Garland v Garland*, 28 AD3d at 481).

This Court previously determined that the father's contentions with respect to paternity DNA testing were barred by the doctrine of collateral estoppel (*see Matter of Hua Fan v Wen Zong Yu*, 91 AD3d 952 [2012]). As the father continues to assert those contentions on this appeal, his conduct in pursuing this appeal appears to be (a) completely without merit in law or fact and unsupported by a reasonable argument for an extension, modification, or reversal of existing law, or (b) undertaken primarily to delay or prolong the resolution of litigation or to harass or maliciously injure another (*see* Rules of Chief Admin of Cts [22 NYCRR] § 130-1.1 [c]; *Ackermann v Ackermann*, 82 AD3d 1020 [2011]; *Tornheim v Blue & White Food Prods. Corp.*, 73 AD3d 749 [2010]; *Weinstock v Weinstock*, 253 AD2d 873, 874 [1998]). Accordingly, we direct the parties to submit an affidavit on the issue of the imposition of sanctions and/or costs, if any, against the father pursuant to 22 NYCRR 130-1.1 (c). Skelos, J.P., Austin, Roman and LaSalle, JJ., concur.