■ In the Matter of ELIZABETH RENNER, Appellant, v DANIEL COSTIGAN, Respondent. [4 NYS3d 53]—

Appeal from an order of the Family Court, Queens County (Fran L. Lubow, J.), dated July 19, 2013. The order denied the mother's objections to an order of that court (Katerina Contaratos, S.M.) dated May 13, 2013, which, upon her failure to appear at a hearing, dismissed her petition for, inter alia, a downward modification of her child support obligations under the parties' judgment of divorce entered February 26, 2009, without prejudice.

Ordered that the order dated July 19, 2013, is affirmed, with costs.

The Family Court properly denied the mother's objections to the Support Magistrate's dismissal of her petition for, inter alia, a downward modification of her child support obligations under the parties' judgment of divorce entered February 26, 2009, without prejudice, upon her failure to appear at a hearing, because the objections were not properly served. "Family Court Act § 439 (e) provides, in pertinent part, that '[a] party filing objections shall serve a copy of such objections upon the opposing party,' and that '[p]roof of service upon the opposing party shall be filed with the court at the time of filing of objections and any rebuttal'" (*Matter of Hamilton v Hamilton*, 112 AD3d 715, 716 [2013], quoting Family Ct Act § 439 [e]). A prior order of the Family Court dated January 4, 2013, prohibited the mother from utilizing mail service and directed that all future objections filed by her must be served by personal service upon the father through his attorney. However, the mother failed to comply with this requirement and instead served her objections through the mail.

In any event, even if the mother's objections had been properly served, the Family Court would have been required to deny them because the mother failed to move to vacate her default. The proper procedure to challenge an order entered upon a default is a motion to vacate the default and, if necessary, appeal from the denial of that motion (*see Matter of Garland v Garland*, 28 AD3d 481 [2006]). Since the mother failed to move pursuant to CPLR 5015 (a) (1) to vacate her default in appearing prior to the issuance of the order appealed from, the mother was barred from raising that issue on appeal (*see Matter of Garland v Garland*, 28 AD3d at 481; *see also Matter of Reaves v Jones*, 110 AD3d 1276, 1277 [2013]; *Matter of Taurins v Taurins*, 108 AD3d 723, 724 [2013]). "If a defaulting party were not obligated to move to reopen the default, the

Family Court, and the reviewing court, would have no basis to weigh the excuse and potential defense" (*Matter of Geraldine Rose W.*, 196 AD2d 313, 317 [1994]). Rivera, J.P., Balkin, Duffy and LaSalle, JJ., concur.

---

Motion by the respondent, inter alia, to strike stated portions of the appellant's brief on the ground that they raise issues not properly before the Court or refer to matter dehors the record. By decision and order on motion dated September 18, 2014, the branch of the motion which is to strike stated portions of the appellant's brief on the ground that they raise issues not properly before the Court or refer to matter dehors the record was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the branch of the motion which is to strike stated portions of the appellant's brief on the ground that they raise issues not properly before the Court or refer to matter dehors the record is granted to the extent that those portions of the appellant's brief that relate to issues other than the Family Court's denial of the appellant's objections to the order dated May 13, 2013, are stricken and have not been considered in the determination of the appeal, and that branch of the motion is otherwise denied. Rivera, J.P., Balkin, Duffy and LaSalle, JJ., concur.