■ In the Matter of WEN ZONG YU, Appellant, v HUA FAN, Respondent. [41 NYS3d 904]—Appeal by the father from an order of the Family Court, Queens County (Stephen J. Bogacz, J.), dated October 23, 2015. The order denied the father's objections to a prior order of that court (Sudeep Kaur, S.M.) dated September 18, 2015, which dismissed his petition to terminate his child support obligation.

Ordered that the order dated October 23, 2015, is affirmed, without costs or disbursements.

The Family Court properly denied the father's objections to an order which dismissed his petition to terminate his child support obligation with prejudice. The father's contentions in support of his petition to terminate his obligation to pay child support are barred by the doctrine of collateral estoppel (*see Matter of Wen Zong Yu v Fan*, 124 AD3d 906 [2015]; *Matter of Hua Fan v Wen Zong Yu*, 91 AD3d 952 [2012]). Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS ALSTON, Appellant. [41 NYS3d 716]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Murphy, J.), rendered January 30, 2012, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The Supreme Court was required to determine on the record whether the defendant, whose conviction for criminal possession of a weapon in the second degree constituted an armed felony (*see* CPL 1.20 [41]; Penal Law §§ 70.02 [1] [b]; 265.03 [3]), was an "eligible youth" (*see* CPL 720.10 [2], [3]) and, if so, whether or not he should be afforded youthful offender status (*see People v Middlebrooks*, 25 NY3d 516, 519 [2015]; *People v Rudolph*, 21 NY3d 497, 501 [2013]). Here, the record does not demonstrate that the court made that determination. Accordingly, we vacate the defendant's sentence, and remit the matter to the Supreme Court, Kings County, for resentencing after making this determination. We express no opinion as to whether the court should afford youthful offender status to the defendant. Rivera, J.P., Roman, Cohen and Miller, JJ., concur.