■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID RAMOS, Appellant. [48 NYS3d 627]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered September 18, 2014, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Under the particular circumstances of this case, the defendant validly waived his right to appeal. This precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248, 256-257 [2006]; People v Hidalgo, 91 NY2d 733 [1998]; People v Seaberg, 74 NY2d 1, 9 [1989]; People v Persaud, 109 AD3d 626 [2013]; cf. People v Bradshaw, 18 NY3d 257, 265-267 [2011]), and also precludes the defendant from invoking this Court's interest of justice jurisdiction to obtain a reduced sentence (see People v Lopez, 6 NY3d at 255; People v Seaberg, 74 NY2d at 9-10). Chambers, J.P., Roman, LaSalle and Barros, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EXANDER ROSADO, Appellant. [48 NYS3d 625]—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Warhit, J.), rendered March 5, 2013, convicting him of burglary in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

The Supreme Court was required to determine on the record whether the defendant, whose conviction of burglary in the first degree constituted an armed felony (see CPL 1.20 [41]; Penal Law §§ 70.02 [1] [a]; 140.30 [4]), was an "eligible youth" (CPL 720.10 [2], [3]) and, if so, whether he should be afforded youthful offender status (see People v Middlebrooks, 25 NY3d 516, 519 [2015]; People v Rudolph, 21 NY3d 497, 501 [2013]; People v Alston, 145 AD3d 737 [2016]). Here, as the People correctly concede, the record does not demonstrate that the court made that determination. Accordingly, the defendant's sentence must be vacated and the matter remitted to the Supreme Court, Westchester County, for resentencing after making this determination. Balkin, J.P., Miller, Duffy, LaSalle and Brathwaite Nelson, JJ., concur.