People v Cooper (2018 NY Slip Op 02161)





People v Cooper


2018 NY Slip Op 02161


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2015-09052
2015-09053

[*1]The People of the State of New York, respondent,
v
Kane Cooper, appellant. (Ind. Nos. 5585/12, 4668/13)


Paul Skip Laisure, New York, NY (Meredith S. Holt of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jodi L. Mandel of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (Joseph E. Gubbay, J.), both rendered June 8, 2015, convicting him of criminal possession of a weapon in the second degree under Indictment No. 5585/12 and assault in the first degree under Indictment No. 4668/13, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are modified, on the law, by vacating the sentences imposed; as so modified, the judgments are affirmed, and the matters are remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
CPL 720.20(1) requires "that there be a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain" (People v Rudolph, 21 NY3d 497, 501).
With regard to the defendant's conviction of criminal possession of a weapon in the second degree under Indictment No. 5585/12, an armed felony (see CPL 1.20[41]; Penal Law §§ 70.02[1][b]; 265.03[3]), the Supreme Court was required to determine on the record whether the defendant was an "eligible youth" (see CPL 720.10[2], [3]) and, if so, whether he should be afforded youthful offender treatment (see People v Minemier, 29 NY3d 414, 419; People v Middlebrooks, 25 NY3d 516, 519; People v Rudolph, 21 NY3d at 501; People v Alston, 145 AD3d 737). The record does not demonstrate that the court made that determination.
With regard to the defendant's conviction of assault in the first degree under Indictment No. 4668/13, the record does not demonstrate that the Supreme Court considered whether the defendant should be afforded youthful offender treatment.
Accordingly, we vacate the defendant's sentences, and remit the matters to the Supreme Court, Kings County, for resentencing after making these determinations. We express no opinion as to whether the court should afford youthful offender treatment to the defendant.
In light of this determination, the defendant's remaining contention is academic.
RIVERA, J.P., COHEN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court