Matter of Ward v Saporito (2018 NY Slip Op 02331)





Matter of Ward v Saporito


2018 NY Slip Op 02331


Decided on April 4, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-01842
 (Docket No. V-27232-13)

[*1]In the Matter of Jennifer K. Ward, respondent,
v
Steven A. Saporito, appellant.


Anthony M. Bramante, Brooklyn, NY, for appellant.
Nangia & Kazansky, LLP, Brooklyn, NY (Matthew J. Kazansky of counsel), for respondent.
Karen P. Simmons, Brooklyn, NY (Lee Tarr and Janet Neustaetter of counsel), attorney for the child.



DECISION & ORDER
In a custody proceeding brought by the mother of the subject child, the father appeals from an order of the Family Court, Kings County (William Franc Perry, J.), dated January 13, 2017. The order, upon, inter alia, the father's failure to appear at a continued hearing, awarded the parties joint legal custody of the subject child and maintained the parties' existing parenting access schedule.
ORDERED that the appeal is dismissed, without costs or disbursements.
"No appeal lies from an order made upon the default of the appealing party" (Matter of Layne v Wyllie, 277 AD2d 239, 239; see CPLR 5511; Matter of Graham v Rawley, 140 AD3d 765, 766-767; Matter of Zulme v Maehrlein, 133 AD3d 608, 608). "The proper procedure" is for the defaulting party "to move to vacate his or her default and, if necessary, appeal from the order deciding that motion" (Matter of Smith v Richards, 286 AD2d 393, 393; see Matter of Renner v Costigan, 125 AD3d 664, 665; Matter of Geraldine Rose W., 196 AD2d 313, 315-318). Contrary to the father's contention, his failure to appear at the continued hearing, under the circumstances presented, constituted a default. The father's appeal from the order entered upon, inter alia, his default in appearing must, therefore, be dismissed (see CPLR 5511).
MASTRO, J.P., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court