People v Ali-Williams (2019 NY Slip Op 03609)





People v Ali-Williams


2019 NY Slip Op 03609


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-11022
 (Ind. No. 17-00150)

[*1]The People of the State of New York, respondent,
v
Tajh Ali-Williams, appellant.


Samuel S. Coe, New City, NY, for appellant.
David M. Hoovler, District Attorney, Middletown, NY (William C. Ghee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Nicholas DeRosa, J.), rendered September 22, 2017, convicting him of robbery in the first degree (seven counts), robbery in the second degree (seven counts), and burglary in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Orange County, for further proceedings consistent herewith.
CPL 720.20(1) requires a court to make a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it (see People v Rudolph, 21 NY3d 497, 501). The County Court was required to determine on the record, with respect to the convictions of robbery in the first degree (seven counts), which constituted armed felonies (see CPL 1.20[41]; Penal Law §§ 70.02, 160.15[4]), whether the defendant was an "eligible youth" by considering the presence or absence of the factors set forth in CPL 720.10(3) and, if so, whether he should be afforded youthful offender status (see People v Middlebrooks, 25 NY3d 516, 519; People v Cooper, 159 AD3d 979, 980; People v Rosado, 148 AD3d 1058; People v Alston, 145 AD3d 737). The record does not demonstrate that the court made that determination.
As to the defendant's convictions of robbery in the second degree (see Penal Law § 160.10[1]) and burglary in the third degree (see Penal Law § 140.20), the record does not demonstrate that the County Court considered whether the defendant should be afforded youthful offender treatment.
Accordingly, we vacate the sentence, and remit the matter to the County Court, Orange County, for resentencing after making these determinations. We express no opinion as to whether the court should afford youthful offender treatment to the defendant.
CHAMBERS, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court