U.S. Bank, N.A. v Blagman (2020 NY Slip Op 07117)





U.S. Bank, N.A. v Blagman


2020 NY Slip Op 07117


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-10862
 (Index No. 600195/16)

[*1]U.S. Bank, N.A., etc., respondent, 
v
Josephine Blagman, et al., appellants, et al., defendants.


The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for appellants.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Phionah N. Brown of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Josephine Blagman and Raymond E. Blagman appeal from an order of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated August 28, 2017. The order, insofar as appealed from, upon renewal and reargument, adhered to a prior determination in an order of the same court dated February 28, 2017, granting the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants Josephine Blagman and Raymond E. Blagman and for an order of reference, upon those defendants' failure to oppose the motion.
ORDERED that the order dated August 28, 2017, is affirmed insofar as appealed from, with costs.
The plaintiff commenced this mortgage foreclosure action in 2016, alleging that the defendants Josephine Blagman and Raymond E. Blagman (hereinafter together the defendants) failed to comply with the conditions of the mortgage by not making the payments due thereunder. The defendants thereafter answered the complaint. In September 2016, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. The defendants did not oppose the motion. In an order dated February 28, 2017, the Supreme Court granted the plaintiff's unopposed motion. In May 2017, the defendants moved, among other things, pursuant to CPLR 2221(e) for leave to renew or, in the alternative, pursuant to CPLR 2221(d) for leave to reargue, with respect to the plaintiff's motion. In an order dated August 28, 2017, the court granted those branches of the defendants' motion which were pursuant to CPLR 2221(e) for leave to renew and CPLR 2221(d) for leave to reargue, and, upon renewal and reargument, adhered to its prior determination.
The proper procedure to cure a default in opposing a motion for summary judgment is to move to vacate the default pursuant to CPLR 5015(a)(1), and to appeal that determination, if necessary (see Hudson City Sav. Bank v Bomba, 149 AD3d 704, 705; Matter of Renner v Costigan, 125 AD3d 664, 665; Schenk v Staten Is. Univ. Hosp., 108 AD3d 661, 661-662). Since the order dated February 28, 2017, was entered upon the defendants' default in opposing the plaintiff's motion, the Supreme Court should have treated the defendants' motion pursuant to CPLR 2221(e) [*2]for leave to renew and CPLR 2221(d) for leave to reargue, as one seeking to vacate the default, and we construe it as such (see Dobbyn-Blackmore v City of New York, 123 AD3d 1083, 1083; Schenk v Staten Is. Univ. Hosp., 108 AD3d at 661-662; State Farm Mut. Auto. Ins. Co. v Correa, 31 Misc 3d 135[A], 2011 NY Slip Op 50643(U) *1-2 [App Term, 2d Dept, 2nd, 11th & 13th Jud Dists 2011]). Nevertheless, we agree with the Supreme Court's determination denying the defendants' motion.
"In order to vacate a default in opposing a motion pursuant to CPLR 5015(a)(1), the moving party is required to demonstrate a reasonable excuse for his or her default and a potentially meritorious opposition to the motion" (New Century Mtge. Corp. v Chimmiri, 146 AD3d 893, 894; see CPLR 5015[a][1]; Aurora Loan Servs., LLC v Ahmed, 122 AD3d 557, 557). Here, the defendants failed to demonstrate a reasonable excuse for their default in opposing the plaintiff's motion. The defendants' assertions that their prior attorney, in effect, neglected to oppose the motion, was undetailed, conclusory, and unsubstantiated, and therefore did not constitute a reasonable excuse for their default (see Deutsche Bank Natl. Trust v Saketos, 158 AD3d 610, 612; One W. Bank, FSB v Valdez, 128 AD3d 655, 655). Since the defendants failed to demonstrate a reasonable excuse for their default in opposing the plaintiff's motion, it is unnecessary to consider whether they had a meritorious opposition to the motion (see New Century Mtge. Corp. v Chimmiri, 146 AD3d at 894; Turko v Daffy's, Inc., 111 AD3d 615, 617).
The parties' remaining contentions either are without merit or need not be reached in light of the foregoing.
RIVERA, J.P., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court