People v St. Hill (2021 NY Slip Op 02422)





People v Hill


2021 NY Slip Op 02422


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
HECTOR D. LASALLE
BETSY BARROS
PAUL WOOTEN, JJ.


2017-09428
 (Ind. No. 2926/13)

[*1]The People of the State of New York, respondent,
v
Jason St. Hill, appellant.


Paul Skip Laisure, New York, NY (Rebecca J. Gannon of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Sharon Y. Brodt, and Aurora Alvarez-Calderon of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gregory Lasak, J.), rendered April 25, 2017, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.
CPL 720.20(1) requires "that there be a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain" (People v Rudolph, 21 NY3d 497, 501). The Supreme Court was required to determine on the record whether the defendant, whose conviction for robbery in the first degree constituted an armed felony (see CPL 1.20[41]; Penal Law §§ 70.02, 160.15[2]), was an "eligible youth" (CPL 720.10[2][a][ii]), by considering the presence or absence of the factors set forth in CPL 720.10(3) and, if so, whether he should be afforded youthful offender status (see People v Middlebrooks, 25 NY3d 516, 519; People v Ali-Williams, 172 AD3d 890, 891; People v Lessane, 169 AD3d 827, 828; People v Alston, 145 AD3d 737). As the People concede, the record does not demonstrate that the court made that determination. Accordingly, the defendant's sentence must be vacated and the matter remitted to the Supreme Court, Queens County, for resentencing after making this determination.
AUSTIN, J.P., LASALLE, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court