Matter of Wen Zong Yu v Hua Fan (2021 NY Slip Op 03188)





Matter of Wen Zong Yu v Hua Fan


2021 NY Slip Op 03188


Decided on May 19, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2019-10034
 (Docket Nos. F-4995-04, F-11481-08, F-11481-08/13F)

[*1]In the Matter of Wen Zong Yu, appellant,
v
Hua Fan, respondent.


Wen Zong Yu, Flushing, NY, appellant pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Queens County (Diane Costanzo, J.), dated July 24, 2019. The order denied, as untimely, the father's objections to, inter alia, an amended order of the same court (Guy P. DePhillips, J.) dated January 12, 2006.
ORDERED that the order dated July 24, 2019, is affirmed, without costs or disbursements.
Wen Zong Yu (hereinafter the father) and Hua Fan (hereinafter the mother) were married in 1997. At the time of the marriage, the mother was pregnant, and she gave birth to a daughter in August 1997. In 2004, private DNA testing performed in China reflected that the child was not the father's biological child. Thereafter, the mother filed a petition for child support, and the father, inter alia, challenged the legality of the marriage. In an order dated June 9, 2004, the father was directed to pay the sum of $500 per month in temporary child support. The child support petition was dismissed in an order dated January 27, 2005. In August 2005, in the matrimonial action pending in the Supreme Court, Queens County, under Index No. 019503/04, the parties entered into a stipulation wherein the father admitted, among other things, to being financially responsible for the child. In an amended order dated January 12, 2006, the Family Court, in addition to dismissing the child support petition, vacated the temporary order of support.
In December 2008, the mother filed another child support petition. The father denied paternity, and a hearing was subsequently conducted by a Judicial Hearing Officer, who determined that the father should be equitably estopped from denying paternity. In an order dated June 4, 2010, the Family Court confirmed the Judicial Hearing Officer's determination. In an order dated September 17, 2010, the father was directed to pay $486.75 per month in child support.
Over the next several years, the litigation between the parties continued unabated and included a violation petition filed by the mother, the father's petitions for a downward modification of his child support obligation, the father's petition to terminate his child support obligation, and the father's motion for paternity DNA testing. These petitions and motion resulted in orders, objections, and three appeals by the father to this Court, which affirmed the various orders appealed from (see Matter of Wen Zong Yu v Hua Fan, 145 AD3d 737; Matter of Wen Zong Yu v Fan, 124 AD3d 906; Matter of Hua Fan v Wen Zong Yu, 91 AD3d 952).
Here, the father appeals from an order of the Family Court dated July 24, 2019. In the order, the court deemed a July 2019 written communication from the father to be an objection to several prior orders, including the amended order dated January 12, 2006, a decision and order of this Court dated January 31, 2012 (see Matter of Hua Fan v Wen Zong Yu, 91 AD3d 952), and an order of the Family Court dated April 28, 2015, which is not included in the papers on appeal.
The Family Court properly denied the father's objections. In addition to being untimely (see Matter of Ferone v Magnussen, 186 AD3d 1685), the filing of an objection to the amended order dated January 12, 2006, and the other orders challenged by the father was not the proper procedure for seeking review of those orders (see Matter of Saunders v Smith, 27 AD3d 759).
In light of our determination, we need not reach the father's remaining contentions.
RIVERA, J.P., DILLON, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court