Matter of Mission Field Church, Inc. (2023 NY Slip Op 01677)

Matter of Mission Field Church, Inc.

2023 NY Slip Op 01677

Decided on March 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-03810
 (Index No. 1963/18)

[*1]In the Matter of Mission Field Church, Inc., respondent. Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP, nonparty-appellant.

Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP, Kew Gardens, NY (Matthew J. Routh of counsel), nonparty-appellant pro se.
Berger, Fischoff, Shumer, Wexler & Goodman, LLP, Syosset, NY (Brad A. Schlossberg of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Religious Corporations Law § 18 for the judicial dissolution of a religious corporation, nonparty Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP, appeals from an order of the Supreme Court, Kings County (Lisa S. Ottley, J.), dated April 22, 2021. The order denied the motion of nonparty Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP, to be substituted as counsel for the petitioner and pursuant to CPLR 5015(a) to vacate an order of the same court dated November 14, 2018, granting the second amended petition for the judicial dissolution of the petitioner.
ORDERED that the order dated April 22, 2021, is affirmed, with costs.
Background facts relevant to this matter are set forth in our decision and order on a related appeal (see Matter of Mission Field Church, Inc., ___ AD3d ___ [Appellate Division Docket No. 2019-13548; decided herewith]).
In this proceeding pursuant to Religious Corporations Law § 18 for the judicial dissolution of the petitioner as a religious corporation, nonparty Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP (hereinafter Shiryak), moved to be substituted as counsel for the petitioner and pursuant to CPLR 5015(a) to vacate an order dated November 14, 2018, granting the second amended petition for the judicial dissolution of the petitioner. In an order dated April 22, 2021, the Supreme Court denied Shiryak's motion. Shiryak appeals.
Although Shiryak's motion was also denominated as one pursuant to CPLR 2221(e) for leave to renew, this purported branch of the motion was, in actuality, also one to vacate the order dated November 14, 2018, since that order granted the second amended petition without opposition (see Dobbyn-Blackmore v City of New York, 123 AD3d 1083, 1083). Since Shiryak did not oppose the second amended petition, there was no opposition it could seek to renew. The Supreme Court properly denied that branch of Shiryak's motion which was pursuant to CPLR 5015(a) to vacate the order dated November 14, 2018, because Shiryak failed to demonstrate a reasonable excuse for the default, which was required on its motion alleging intrinsic fraud (see LaSalle Bank N.A. v [*2]Oberstein, 146 AD3d 945, 945).
Shiryak's remaining contention is without merit.
DILLON, J.P., CHAMBERS, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court