Bsd 253, LLC v Wilmington Sav. Fund Socy., FSB (2023 NY Slip Op 04429)

Bsd 253, LLC v Wilmington Sav. Fund Socy., FSB

2023 NY Slip Op 04429

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-03892
 (Index No. 504659/16)

[*1]BSD 253, LLC, respondent, 
v
Wilmington Savings Fund Society, FSB, etc., appellant.

Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), for appellant.

DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the defendant appeals from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated March 24, 2021. The order denied the defendant's motion for leave to renew the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint, which had been granted in an order of the same court (Paul Wooten, J.) dated February 16, 2018.
ORDERED that the order dated March 24, 2021, is affirmed, without costs or disbursements.
The plaintiff commenced this action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage on certain real property located in Brooklyn. After issue was joined, the plaintiff moved, inter alia, for summary judgment on the complaint. By order dated February 16, 2018, the Supreme Court, among other things, granted the plaintiff's motion upon the defendant's failure to file opposition papers. The defendant thereafter moved for leave to renew the plaintiff's unopposed motion. By order dated March 24, 2021, the court denied the defendant's motion for leave to renew. The defendant appeals.
The defendant's motion for leave to renew was properly denied, as there was no opposition to the plaintiff's motion that could have been renewed (see Hudson City Sav. Bank v Bomba, 149 AD3d 704, 705; Dobbyn-Blackmore v City of New York, 123 AD3d 1083). The proper procedure to cure a default in opposing a motion is to move pursuant to CPLR 5015(a) to vacate the default, and, if necessary, to appeal from any denial of that motion (see Matter of Renner v Costigan, 125 AD3d 664, 665; Dobbyn-Blackmore v City of New York, 123 AD3d 1083). The defendant, in fact, sought relief pursuant to CPLR 5015(a), in a separate motion, which was denied in an order that is the subject of a separate appeal (see BSD 253, LLC v Wilmington Savings Fund Society, FSB, [*2]_____ AD3d _____ [Appellate Division Docket No. 2021-06295; decided herewith]).
IANNACCI, J.P., CHRISTOPHER, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court