Matter of Spearman v Hulen (2024 NY Slip Op 05214)

Matter of Spearman v Hulen

2024 NY Slip Op 05214

Decided on October 23, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 23, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
JAMES P. MCCORMACK
LAURENCE L. LOVE, JJ.

2023-02313
 (Docket Nos. V-5909-16/22M, V-14292-16/22F, V-14943-16/22D, V-14185-19/22D, V-14186-19/22D, V-14187-19/22D, V-15959-19/22H, V-15960-19/22J)

[*1]In the Matter of Sonja Spearman, appellant,
v
Dustin Hulen, Sr., respondent.

William Martin, White Plains, NY, for appellant.
Daniel Lawrence Pagano, White Plains, NY, for respondent.
David M. Rosoff, White Plains, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Westchester County (Arlene Katz, J.), dated February 16, 2023. The order, insofar as appealed from, dismissed the mother's petition to modify a purported order of custody and parental access of the same court dated October 6, 2022, with prejudice.
ORDERED that the order dated February 16, 2023, is affirmed insofar as appealed from, without costs or disbursements.
The mother and the father have two children together. On October 6, 2022, the mother failed to appear for a scheduled court date with regard to the father's petition to modify a then existing custody order so as to award him sole custody of the children. The Family Court conducted an inquest in the mother's absence, directed the father's counsel to draft an order, which was served upon the mother on November 10, 2022, and thereafter, issued an order dated January 6, 2023, inter alia, awarding the father sole custody of the children, with certain parental access to the mother.
Prior to the issuance of the January 6, 2023 order, on December 22, 2022 the mother filed a petition to modify the Family Court's award of sole custody to the father, with certain parental access to her, as purportedly set forth in an order dated October 6, 2022. On the return date of the mother's modification petition, the mother failed to appear. Subsequently, in an order dated February 16, 2023, the court, inter alia, dismissed the mother's modification petition, with prejudice. The mother appeals from the order dated February 16, 2023.
The mother's contention that the Family Court erred in conducting an inquest on the father's modification petition upon her failure to appear in court as scheduled is not properly before this Court. The mother's contention pertains to the January 6, 2023, order that granted the father's modification petition on default, and "[t]he proper procedure to challenge an order entered upon a [*2]default is a motion to vacate the default and, if necessary, appeal from the denial of that motion" (Matter of Renner v Costigan, 125 AD3d 664, 665; see Matter of Garland v Garland, 28 AD3d 481).
Contrary to the mother's further contention, the Family Court did not err under the circumstances in dismissing her modification petition with prejudice, as the mother's request to withdraw the petition failed to comply with the requirements of CPLR 3217(a).
The mother's remaining contention is without merit.
CHAMBERS, J.P., WOOTEN, VENTURA and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court