Matter of Elizabeth L. v Kevin O. (2020 NY Slip Op 00037)





Matter of Elizabeth L. v Kevin O.


2020 NY Slip Op 00037


Decided on January 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 2, 2020

Richter, J.P., Gische, Mazzarelli, Gesmer, JJ.


10678

[*1] In re Elizabeth L., Petitioner-Respondent,
v
Kevin O., Respondent-Appellant.


Larry S. Bachner, New York, for appellant.



Order, Family Court, New York County (Patria Frias-Colon, J.), entered on or about September 25, 2018, which, upon a finding that respondent father willfully violated a court order mandating child support payments, sentenced him to incarceration for a term of six months to be served on weekends, set the purge amount at $10,000, and set the arrears at $55,549.37, unanimously modified, on the facts, to the extent of crediting payments actually made and setting the amount of arrears at $50,482.31, and otherwise affirmed, without costs. Appeal from so much of the order that committed the father to the custody of the New York City Department of Corrections and from that part of the order that confirmed the Support Magistrate's finding of willful violation of the order of support, unanimously dismissed, without costs.
The appeal from that part of the order of commitment that committed the father to the custody of the Department of Corrections for a period of six months unless he paid the purge amount is dismissed as academic, as the period of incarceration has expired (see Matter of Schad v Schad, 158 AD3d 705 [2d Dept 2018]). Furthermore, the father's appeal from the finding of willful violation made by the Support Magistrate and confirmed by Family Court must likewise be dismissed, inasmuch as the Support Magistrate's finding was made upon the father's default, and the father did not move before the Support Magistrate to vacate the default (Family Ct Act § 439[e]; Matter of Reaves v Jones, 110 AD3d 1276, 1277 [3d Dept 2013]).
In any event, the court properly confirmed the Support Magistrate's finding that the father willfully violated the support order. Failure to pay support, as ordered, constitutes prima facie evidence of a willful violation (see Family Ct Act § 454[3][a]). The burden then shifted to the father to present "some competent, credible evidence of his inability to make the required payments" (Matter of Powers v Powers, 86 NY2d 63, 70 [1995]). The father did not meet this burden because he failed to appear before the Support Magistrate and present evidence (see Matter of Jennifer D. v Artise C.J., 154 AD3d 578 [1st Dept 2017]). His later arguments before the court were insufficient and improper.
However, in calculating the amount of arrears owed, the court failed to credit the father $5,067.06 in payments made. Accordingly, the arrears are set at $50,482.31.
We have considered the father's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 2, 2020
CLERK