Matter of Kathleen M.H. v John J.C. (2020 NY Slip Op 02158)





Matter of Kathleen M.H. v John J.C.


2020 NY Slip Op 02158


Decided on April 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2020

Gische, J.P., Gesmer, Oing, Moulton, JJ.


11319 -18/18A

[*1]In re Kathleen M.H., Petitioner-Respondent,
v
John J.C., Respondent-Appellant.


Carol Kahn, New York, for appellant.
Kathleen M. H., respondent pro se.



Order, Family Court, New York County (Patria Frias-Colón, J.), entered on or about May 9, 2019, insofar as it, after a hearing, confirmed the findings of the same court (Support Magistrate Tionnei Clarke), entered on or about May 9, 2019, that respondent willfully violated an order of support entered on or about September 7, 2016, unanimously affirmed, without costs. Appeal from that portion of the order that committed respondent to the Department of Correction for a six-month term of weekend incarceration with a purge amount set at $30,000, unanimously dismissed, without costs, as academic.
The appeal from that part of the order of commitment that committed respondent to the custody of the Department of Correction for a period of six months unless he paid the purge amount is dismissed as academic, as the period of incarceration has expired (see Matter of Elizabeth L. v Kevin O., 179 AD3d 404, [1st Dept 2020]). However, the appeal from that part of the order affirming the determination that respondent was in willful violation of the September 7, 2016 order of support should not be dismissed as academic given the enduring consequences which might flow from the finding that he willfully violated that order (see Matter of Berg v Berg, 166 AD3d 763, 764 [2d Dept 2018]; Matter of April G. v Duane M., 105 AD3d 491 [1st Dept 2013]).
The question of whether respondent received adequate notice of the proceedings while before the Support Magistrate during which he was found to have willfully violated the September 7, 2016 support order is fact-intensive and had to be raised in a timely way in order to preserve that contention for appellate review (see Matter of Twania B. v James A.B., 172 AD3d 643, 643 [1st Dept 2019]; Matter of Jasco v Alvira, 107 AD3d 1460, 1460 [4th Dept 2013]). Since respondent never raised the issue before the Family Court, as he acknowledged, he failed to preserve this issue for appellate review (see Matter of Borggreen v Borggreen, 13 AD3d 756, 757 [3d Dept 2004]).
Even if we were to consider the issue, respondent's contention that he received insufficient notice is belied by the record. The summons states that he was to appear in the Family Court on a date certain because petitioner alleged that he failed "to obey the support order dated September 7, 2016," and that he was to, inter alia, "provide the court with proof" of his "income and assets" by completing "the annexed form" and supplying his W-2 wage and tax statements submitted with the returns (see Matter of Santana v Gonzalez, 90 AD3d 1198 [3d Dept 2011]). His completion of a financial disclosure affidavit and submission of his tax returns to the Support Magistrate established that he received adequate notice.
We find that petitioner met her initial burden to show that respondent willfully violated a prior order of the Family Court directing him to tender spousal support to her by presenting the certified records from Monroe County Family Court (i.e., the September 7, 2016 support order, the July 3, 2018 fact-finding order establishing that he owed petitioner $91,700 for spousal maintenance, and the July 3, 2013 judgment entered against him in her favor for that amount) (see Matter of Delaware County Dept. of Social Servs. v Brooker, 272 AD2d 835, 836 [3d Dept [*2]2000]). Upon petitioner's satisfaction of her burden, the burden shifted to respondent going forward to offer some credible evidence that his failure to make the required payments was the result of his inability to obtain gainful employment despite making reasonable efforts to find work (see Matter of Yamonaco v Fey, 91 AD3d 1322, 1323 [4th Dept 2012], lv denied 19 NY3d 803 [2012]).
Respondent failed to meet his burden of presenting credible evidence that he was unable to make payments as directed (see Matter of Brooks v Brooks, 163 AD3d 554, 556 [2d Dept 2018]; Matter of Kretkowski v Pasqua, 147 AD3d 836, 837 [2d Dept 2017]; Matter of Erie County Dept. of Social Servs. v Shaw, 81 AD3d 1328, 1329 [4th Dept 2011]). Respondent's receipt of benefits from Social Security and SNAP did not preclude the Support Magistrate from finding that he was capable of working (see Matter of Commissioner of Social Servs. v Turner, 99 AD3d 1244, 1244-1245 [4th Dept 2012]; Matter of Aranova v Aranov, 77 AD3d 740, 741 [2d Dept 2010]). There is no basis to reject the Support Magistrate's finding that respondent was incredible in claiming that he lacked income and was unable to work (see Matter of Espinal-Melendez v Vasquez, 160 AD3d 852, 854 [2d Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2020
CLERK