Matter of Afia E. v Japheth S. (2021 NY Slip Op 00363)





Matter of Afia E. v Japheth S.


2021 NY Slip Op 00363


Decided on January 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 21, 2021

Before: Renwick, J.P., Manzanet-Daniels, Kapnick, Kern, Kennedy, JJ. 


Docket No. F-00268-07/18B Appeal No. 12926 Case No. 2020-00156 

[*1]In the Matter of Afia E., Petitioner-Respondent, 
v Japheth S., Respondent-Appellant.


Richard L. Herzfeld, P.C., New York (Richard L. Herzfelf of counsel), for appellant.



Appeal from order, Family Court, Bronx County (Phaedra F. Perry, J.), entered on or about December 12, 2019, which determined, after a hearing, that respondent father was in willful violation of a child support obligation and sentenced him to incarceration for a term of four months, unanimously dismissed, without costs.
The appeal from that part of the order that committed the father to the custody of the Department of Corrections for a term of four months is dismissed as academic, since the period of incarceration was suspended (see Matter of Elizabeth L. Kevin O., 179 AD3d 404, 405 [1st Dept 2020]). Moreover, the father's appeal from the finding of his willful violation of a child support order made by the Support Magistrate and confirmed by the Family Court must be dismissed because the finding was made upon his default and he failed to move to vacate the default (see id.).
In any event, the court properly confirmed the Support Magistrate's finding that the father willfully violated the support order. There is a statutory presumption that the father had sufficient means to support the child (see Family Ct Act § 437; Matter of Powers v Powers, 86 NY2d 63, 68-69 [1995]), and the evidence that the father failed to pay support as ordered constituted "prima facie evidence of a willful violation" (Family Ct Act § 454[3][a]). The burden then shifted to the father to present "some competent, credible evidence of his inability to make the required payments" (Powers, 86 NY2d at 70). The father did not meet this burden because he failed to present evidence showing that he made reasonable efforts to obtain gainful employment (see Matter of Jennifer D. v Artise C.J., 154 AD3d 578 [1st Dept 2017]).
As to the arrears, there is no reason to disturb the amount set by the court. The father failed to proffer good cause for having failed to seek modification of the support order (see Matter of Dox v Tynon, 90 NY2d 166 [1997]). Furthermore, the father's argument that the amount should be reduced pursuant to Family Ct Act § 413(1)(g) is unpreserved.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 21, 2021