Matter of Mary H. v Cedric R. (2021 NY Slip Op 00624)





Matter of Mary H. v Cedric R.


2021 NY Slip Op 00624


Decided on February 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 04, 2021

Before: Manzanet-Daniels, J.P., Singh, Kennedy, Mendez, JJ. 


Docket No. F-3571-99/18J Appeal No. 13046 Case No. 2020-00157 

[*1]In the Matter of Mary H., Petitioner-Respondent,
v
Cedric R., Respondent-Appellant.


Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), for appellant.
Law Offices of Salihah R. Denman, PLLC, New York (Salihah R. Denman of counsel), for respondent.



Appeal from order, Family Court, Bronx County (Phaedra F. Perry, J.), entered on or about November 14, 2019, which confirmed the Support Magistrate's finding of a willful violation of an order of support and committed respondent father to the custody of the New York City Department of Corrections and set the purge amount at $10,000, unanimously dismissed, without costs.
The appeal from that portion of the order committing the father to the custody of the Department of Corrections for a period of six months unless he paid the purge amount is dismissed as academic since the period of incarceration has expired (see Matter of Elizabeth L. v Kevin O., 179 AD3d 404, 405 [1st Dept 2020]). Moreover, the appeal from that portion of the order finding a willful violation is dismissed, inasmuch as the Support Magistrate's finding was made upon the father's default, and the father did not move to vacate such default (see id.).
In any event, viewed in totality, the record does not support a finding that the father's attorney failed to provide meaningful representation and that such representation resulted in actual prejudice to the father (see Matter of Asia Sabrina N. [Olu N.], 117 AD3d 543, 544 [1st Dept 2014]). The father testified that he was not completely disabled and obtained two jobs since his injury. This fact was confirmed by a letter from his doctor. Furthermore, the father made a deliberate decision to depress his pension income for four years to pursue a social security disability income claim. He also testified that he did not entertain the notion to forego the disability case in order to collect the full amount of his pension and pay child support. In light of the foregoing, the father failed to establish how a lack of medical testimony or additional social security disability records resulted in actual prejudice to him. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 4, 2021