Matter of Wanda R.F. v Marc A.C. (2023 NY Slip Op 06806)

Matter of Wanda R.F. v Marc A.C.

2023 NY Slip Op 06806

Decided on December 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 28, 2023

Before: Kern, J.P., Oing, Gesmer, Moulton, Mendez, JJ. 

Index No. F-5534-09/21k Appeal No. 1297-1297A Case No. 2023-00009 

[*1]In the Matter of Wanda R.F., Petitioner-Respondent,
v
Marc A.C., Respondent-Appellant.

Steven N. Feinman, White Plains, for appellant.
Wanda R.F., respondent pro se.

Order, Family Court, New York County (Maria Arias, J.), entered on or about September 6, 2022, which confirmed the findings of same court (Kevin Mahoney, S.M.), entered on or about May 11, 2022, that respondent father willfully violated an order of support dated May 5, 2010, unanimously affirmed, without costs. Appeal from so much of the order that committed respondent to the Department of Correction for a six-month term of weekend incarceration with a purge amount set at $20,000, unanimously dismissed, without costs, as academic.
We dismiss as academic the father's appeal from the portion of the order that directed him to be incarcerated unless he paid the purge amount, as the period of incarceration has expired (see Matter of Elizabeth L. v Kevin O., 179 AD3d 404, 405 [1st Dept 2020]). However, given the consequences that might flow from the finding that the father willfully violated the May 5, 2010 support order, the appeal from the portion of the order affirming that finding is not academic (see Matter of Kathleen M.H. v John J.C., 182 AD3d 411, 412 [1st Dept 2020]).
The father failed to rebut the mother's prima facie showing that he willfully violated the order of support, as he failed to establish that he engaged in diligent efforts to obtain employment and failed to present competent medical proof of his present inability to work (Family Ct Act § 454[3][a]; see Matter of Powers v Powers, 86 NY2d 63, 70 [1995]). The father admitted in his testimony that he was not paying support as directed, stating that he was unable to do so because he was supporting another child and had a chronic health condition. However, although he submitted documentation about receiving treatment for a chronic condition in 2016, he did not present sufficient medical evidence to support his claim that he was presently unable to work at all because of medical impairments.
We find no reason to disturb Family Court's assessment of the father's credibility (see Matter of Sharon B.-D. v Christopher C., 174 AD3d 411, 412 [1st Dept 2019]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2023