Matter of Jamila-Kai M.R. v Lonnie L.M. (2025 NY Slip Op 02171)

Matter of Jamila-Kai M.R. v Lonnie L.M.

2025 NY Slip Op 02171

Decided on April 15, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 15, 2025

Before: Webber, J.P., Friedman, Kapnick, Rodriguez, Rosado, JJ. 

Docket No. F-02933-19/20|Appeal No. 4101-4101A|Case No. 2023-04153|

[*1]In the Matter of Jamila-Kai M.R., Respondent,
v
Lonnie L.M., Appellant.

Larry Bachner, New York, for appellant.

Order, Family Court, New York County (Maria Arias, J.), entered on or about March 16, 2023, which confirmed the findings of same court (Kevin Mahoney, S.M.), entered on or about May 26, 2022, including that respondent father willfully violated an order of support dated March 2, 2020, unanimously affirmed, without costs. Appeal from so much of the order that committed respondent to the New York City Department of Correction for a 90-day term of incarceration with a purge amount set at $10,000, unanimously dismissed, without costs, as superseded by subsequent orders of incarceration and as academic.
We dismiss as superseded and academic the father's appeal from the portion of the order that directed him to be incarcerated unless he paid the purge amount, as that portion of the order was superseded by a subsequent order, and in any event, the period of incarceration has expired (see Matter of Wanda R.F. v Marc A.C., 222 AD3d 585, 586 [1st Dept 2023]). However, given the consequences that might flow from the finding that the father willfully violated the March 2, 2020 support order, the appeal from the portion of the order affirming that finding is not academic (see id. at 586, citing Matter of Kathleen M.H. v John J.C., 182 AD3d 411, 412 [1st Dept 2020]).
The father failed to rebut the mother's prima facie showing that he willfully violated the order of support. The certified accounts and records statement from the Support Collection Unit stated that as of April 13, 2022, his total support arrears were $49,021.41. The father failed to credibly establish that his income had been reduced, as he provided no Financial Disclosure Affidavit or W-2 forms from the previous three years, and the sole tax return he did provide was not credible. Although the father apparently testified that he supported three other children, there was no proof offered at trial.
An appellant is obligated to assemble a proper record on appeal, which includes prior orders, petitions for downward modification and for child support, or documentary evidence to which the orders refer (see Matter of Dodd v Dodd, 217 AD3d 863, 863 [2d Dept 2023]; Matter of Embro v Smith, 59 AD3d 542, 542 [2d Dept 2009]). To the extent the father seeks review of the underlying support determination and related proceedings from 2019 and 2020, his failure to provide this Court with these transcripts, orders, or other documentation from those proceedings renders the record on appeal inadequate to enable this Court to reach an informed determination on the merits (see id.).
Moreover, the father's arguments surrounding the enforcement of child support and representation during a child support proceeding were not raised before Family Court and thus, have not been preserved for appellate review (see Robillard v Robbins, 78 NY2d 1105, 1106 [1991]). We decline to review them in the interests of justice.
We have considered respondent father's remaining contentions and find them unavailing.THIS CONSTITUTES [*2]THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 15, 2025