106 Spring St. Owner LLC v Workspace, Inc. (2020 NY Slip Op 06942)





106 Spring St. Owner LLC v Workspace, Inc.


2020 NY Slip Op 06942


Decided on November 24, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 24, 2020

Before: Friedman, J.P., Manzanet-Daniels, Oing, Kennedy, JJ. 


Index No. 657050/17 595396/18 Appeal No. 12464-12465 Case No. 2018-6009, 2018-5824 

[*1]106 Spring Street Owner LLC, Plaintiff-Respondent,
v
Workspace, Inc., et al., Defendants-Appellants.
Workspace, Inc., et al., Third Party Plaintiffs-Appellants,
v
60 guilders LLC et al., Third-Party Defendants-Respondents.


Braverman Greenspun P.C., New York (Manu L. Davidson of counsel) and Stroock & Stroock & Lavan, New York (Jennifer S. Recine of counsel), for appellants.
Schulte Roth & Zabel LLP, New York (Robert J. Ward of counsel), for 106 Spring Street Owner LLC, respondent.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about October 2, 2018, which, insofar as appealed from, granted plaintiff's motion to dismiss the first counterclaim pursuant to CPLR 3211(a)(1) and (7), unanimously reversed, on the law, without costs, and the motion denied. Order, same court and Justice, entered on or about November 19, 2018, which granted defendants' motion to dismiss the amended complaint pursuant to CPLR [*2]3211(a)(7), unanimously modified, on the law, solely to declare that plaintiff was in breach of the proprietary lease as set forth below, and otherwise affirmed, without costs.
The first counterclaim seeks reformation of the contract of sale between plaintiff and defendant Workspace, Inc. based on mutual mistake. "A claim of mutual mistake is stated where the allegations indicate that the parties have reached an oral agreement and, unknown to either, the signed writing does not express that agreement" (Friedland Realty, Inc. v 416 W, LLC, 120 AD3d 1185, 1186 [2d Dept 2014] [internal quotation marks omitted]). Defendants' pleading satisfies this requirement.
The first through fifth causes of action all deal with the proposed sale of the Mercer Street unit to a nonparty. Since that sale fell through after plaintiff filed its amended complaint, those causes of action are moot (see e.g. Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 811 [2003], cert denied 540 US 1017 [2003]).
As pled in the complaint, the sixth cause of action sought declarations that plaintiff was not in breach of the proprietary lease and that the December 4, 2017 notice of default was invalid. The notice said plaintiff was in default because violations regarding the water cooling tower had occurred on June 5, 2017. Since plaintiff did not disconnect from the tower until August 7, it still had to maintain it as of June 5. Thus, plaintiff was in breach of the lease. Instead of dismissing the sixth cause of action, the court should have declared in defendants' favor (see e.g. Maurizzio v Lumbermens Mut. Cas. Co., 73 NY2d 951, 954 [1989]).
The notice of default said plaintiff had to "(i) pay or contest the Violations and (ii) repair and continue to maintain the cooling towers" within 30 days of December 4, 2017. It is true that the summonses did not require a response until April 28, 2018. However, this is academic since plaintiff paid the fines before February 6, 2018.
With respect to (ii), it appears from plaintiff's June 15, 2018 affidavit that it is now willing to recommission the cooling tower and to assume full responsibility for maintenance and repair so long as it is exclusively using it. Therefore, we would not be determining an actual controversy between the parties (see Saratoga, 100 NY2d at 811) if we were to opine on the validity of the December 4, 2017 notice based on (ii).
Nothing in this decision precludes plaintiff from bringing another action if circumstances change yet again.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 24, 2020