Rodriguez-Dominguez v Blackstone Contrs., LLC (2021 NY Slip Op 00891)





Rodriguez-Dominguez v Blackstone Contrs., LLC


2021 NY Slip Op 00891


Decided on February 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2019-06847
 (Index No. 504862/17)

[*1]Carlos Rodriguez-Dominguez, appellant,
v
Blackstone Contractors, LLC, respondent, et al., defendant (and a third-party action).


Frekhtman & Associates, Brooklyn, NY (Eileen Kaplan and Martin M. Howfield of counsel), for appellant.
Rosenbaum & Taylor, P.C., White Plains, NY (Leslie Luke and Scott P. Taylor of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lizette Colon, J.), dated April 2, 2019. The order granted the unopposed motion of the defendant Blackstone Contractors, LLC, pursuant to CPLR 3126 to strike the complaint.
ORDERED that the appeal is dismissed, with costs.
In this personal injury action, the Supreme Court, in an order dated April 2, 2019, granted the unopposed motion of the defendant Blackstone Contractors, LLC (hereinafter the defendant), pursuant to CPLR 3126 to strike the complaint based upon the plaintiff's failure to comply with court-ordered discovery. The record on appeal contains no proof that the plaintiff ever formally opposed the subject motion. Therefore, the order granting the defendant's motion was made without opposition (see Matter of State Farm Ins. Co. v Eagle Ins. Co., 266 AD2d 397; Wing v Chammas, 78 AD2d 887, 888). No appeal lies from an order or judgment granted upon the default of the appealing party (see CPLR 5511; Narvaez v City of New York, 171 AD3d 764; Wells Fargo Bank, N.A. v Syed, 160 AD3d 914).
Accordingly, the plaintiff's appeal must be dismissed.
CHAMBERS, J.P., AUSTIN, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court