U.S. Bank N.A. v Fuller-Watson (2021 NY Slip Op 04776)





U.S. Bank N.A. v Fuller-Watson


2021 NY Slip Op 04776


Decided on August 25, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 25, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2018-14250 
2019-08797
 (Index No. 25063/08)

[*1]U.S. Bank National Association, etc., respondent,
v
Vena Fuller-Watson, appellant, et al., defendants.


Anthony J. LoPresti, Garden City, NY (Gail M. Blasie of counsel), for appellant.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Kenneth J. Flickinger of counsel), for respondent.
In an action to foreclose a mortgage, the defendant Vena Fuller-Watson appeals from (1) a judgment of foreclosure and sale of the Supreme Court, Queens County (Orin R. Kitzes, J.), entered October 6, 2011, and (2) an order of the same court (Carmen R. Velasquez, J.) entered September 20, 2018. The judgment of foreclosure and sale, inter alia, directed the sale of the subject property. The order, insofar as appealed from, denied that branch of the motion of the defendant Vena Fuller-Watson which was for leave to renew with respect to the plaintiff's prior motion, inter alia, for summary judgment on the complaint insofar asserted against her and for an order of reference, and the plaintiff's prior motion, inter alia, for a judgment of foreclosure and sale.



DECISION & ORDER
Motion by the plaintiff, inter alia, to dismiss the appeal from the judgment of foreclosure and sale on the ground that no appeal lies from a judgment entered upon the default of the appealing party. By decision and order on motion of this Court dated December 2, 2019, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the branch of the motion which is to dismiss the appeal from the judgment of foreclosure and sale on the ground that no appeal lies from a judgment entered upon the default of the appealing party is granted; and it is further,
ORDERED that the appeal from the judgment of foreclosure and sale is dismissed; and it is further,
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In August 2005, the defendant Vera Fuller-Watson (hereinafter the defendant) [*2]borrowed the sum of $425,000 from the plaintiff's predecessor in interest and, as security for the loan, executed a mortgage encumbering certain real property located in Hollis. In October 2008, the plaintiff commenced this action to foreclose the mortgage against the defendant, among others. According to an affidavit of service, on October 16, 2008, the defendant was served with the summons and complaint. Thereafter, the defendant, acting pro se, interposed an answer dated November 11, 2008. In April 2009, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant failed to oppose the motion. In an order dated September 8, 2009, the Supreme Court granted the plaintiff's unopposed motion. In June 2011, the plaintiff moved, inter alia, for a judgment of foreclosure and sale. The defendant failed to oppose this motion as well. In an order dated September 23, 2011, the court granted the plaintiff's unopposed motion and directed that a judgment be submitted. A judgment of foreclosure and sale was entered on October 6, 2011.
In December 2011, the Supreme Court denied the defendant's motion to vacate the judgment of foreclosure and sale. In April 2013, the defendant moved, inter alia, to vacate the judgment of foreclosure and sale and to stay the foreclosure sale of the property scheduled for April 12, 2013. In an order dated April 24, 2013, the court denied the motion. In March 2018, the defendant moved, inter alia, for leave to renew with respect to the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against her and the plaintiff's motion, inter alia, for a judgment of foreclosure and sale. In an order entered September 20, 2018, the Supreme Court, inter alia, denied that branch of the defendant's motion as untimely. The defendant appeals from the judgment of foreclosure and sale and the order entered September 20, 2018.
The defendant failed to submit papers in opposition to the plaintiff's motion, inter alia, for a judgment of foreclosure and sale. "No appeal lies from an order or judgment granted upon the default of the appealing party" (Rodriguez-Dominguez v Blackstone Contrs., LLC, 191 AD3d 817, 817; see CPLR 5511). In addition, the defendant is precluded on the appeal from the judgment of foreclosure and sale from challenging the propriety of the order granting the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against her, because the defendant also failed to oppose that motion (see Wells Fargo Bank, N.A. v Harrigan, 179 AD3d 1142, 1143; Wells Fargo Bank, N.A. v Estwick, 160 AD3d 911, 911). Accordingly, the appeal from the judgment of foreclosure and sale must be dismissed (see Rodriguez-Dominguez v Blackstone Contrs., LLC, 191 AD3d 817; HCA Equip. Fin., LLC v Mastrantone, 118 AD3d 850, 851).
The plaintiff contends that the appeal from the order entered September 20, 2018, should be dismissed because the defendant does not have standing to challenge the judgment of foreclosure and sale. This contention, however, is precluded by the doctrine of the law of the case. In a decision and order on motion dated December 2, 2019, this Court denied that branch of the plaintiff's motion which was to dismiss the appeal from the order entered September 20, 2018, on this ground (see Colini v Stino, Inc., 186 AD3d 1610, 1611; Culen v Culen, 157 AD3d 930, 931; Matter of Courtney C., 114 AD3d 938, 939).
In addition, contrary to the plaintiff's contention, the Supreme Court erred in denying, as untimely, that branch of the defendant's motion which was for leave to renew with respect to the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against her and the plaintiff's motion, inter alia, for a judgment of foreclosure and sale (see CPLR 2221[e][2]; 2103[b]; 5513[a]). In any event, that branch of the defendant's motion was properly denied, as there was no opposition for the defendant to renew. She opposed neither of the plaintiff's motions (see U.S. Bank, N.A. v Blagman, 188 AD3d 1284; Wright v Brooklyn Renaissance Funding Co., LLC, 174 AD3d 676, 677; Singh v Reddy, 161 AD3d 1121, 1121; Hudson City Sav. Bank v Bomba, 149 AD3d 704, 705; Dobbyn-Blackmore v City of New York, 123 AD3d 1083, 1083-1084). To the extent that branch of the defendant's motion could be construed as seeking to vacate, pursuant to CPLR 5015(a), her default in opposing the plaintiff's motions, the defendant failed to offer any excuse for her default in opposing the motions. Since the defendant failed to demonstrate a reasonable excuse for her default in opposing the plaintiff's motions, it is unnecessary to consider whether she had a meritorious opposition to the motions (see Nationstar Mtge., LLC v Ramnarine, 172 AD3d 886, 887; New Century Mtge. Corp. v Chimmiri, 146 AD3d 893, 894).
In light of our determination, the parties' remaining contentions need not be addressed.
DILLON, J.P., CHAMBERS, AUSTIN and DUFFY, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court