Day v Sguera Props., LLC (2022 NY Slip Op 03370)





Day v Sguera Props., LLC


2022 NY Slip Op 03370


Decided on May 25, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 25, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.


2019-13334
 (Index No. 4308/14)

[*1]Allison Day, appellant,
v
Sguera Properties, LLC, et al., respondents.


Harmon, Linder & Rogowsky, New York, NY (Mitchell Dranow of counsel), for appellant.
Charles F. Harms, Garden City, NY (Michael F. Palmeri of counsel), for respondent Sguera Properties, LLC.
Martyn, Martyn, Smith & Murray, Hauppauge, NY (Susan A. Murray of counsel), for respondent Quality Blacktop Services, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Carmen Victoria St. George, J.), dated August 26, 2019. The order, insofar as appealed from, in effect, upon reargument, adhered to a prior determination in an order of the same court dated April 8, 2019, granting those branches of the defendants' separate unopposed motions which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order dated August 26, 2019, is affirmed insofar as appealed from, with one bill of costs.
In this personal injury action, the plaintiff alleged that she slipped and fell in a parking lot on property owned by the defendant Sguera Properties, LLC (hereinafter Sguera), and resurfaced by the defendant Quality Blacktop Services, Inc. (hereinafter Quality). The defendants separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. The plaintiff did not oppose the motions. In an order dated April 8, 2019, the Supreme Court, among other things, granted those branches of the defendants' unopposed motions which were for summary judgment dismissing the complaint insofar as asserted against each of them. The plaintiff subsequently moved pursuant to CPLR 2221(a) and (d) for leave to reargue the defendants' motions. In an order dated August 26, 2019, the Supreme Court, in effect, granted that branch of the plaintiff's motion which was for leave to reargue, and, upon reargument, adhered to its prior determination upon the grounds that the plaintiff failed to provide a reasonable excuse for failing to oppose the defendants' motions and, in any event, that the plaintiff's contentions in opposition to the motions were without merit. The plaintiff appeals.
"The proper procedure to cure a default in opposing a motion for summary judgment is to move to vacate the default pursuant to CPLR 5015(a)(1), and to appeal that determination, if necessary" (U.S. Bank v Blagman, 188 AD3d 1284, 1285). Since the order dated April 8, 2019, was [*2]entered upon the plaintiff's default in opposing the defendants' summary judgment motions, the Supreme Court should have treated the plaintiff's motion for leave to reargue as one seeking to vacate the default, and we construe it as such (see id. at 1285; Dobbyn-Blackmore v City of New York, 123 AD3d 1083, 1083). Nevertheless, we agree with the court's determination denying the plaintiff's motion.
"In order to vacate a default in opposing a motion pursuant to CPLR 5015(a)(1), the moving party is required to demonstrate a reasonable excuse for his or her default and a potentially meritorious opposition" (U.S. Bank v Blagman, 188 AD3d at 1285 [internal quotation marks omitted]). Here, the plaintiff offered no excuse for her default in opposing the defendants' motions. Since the plaintiff failed to demonstrate a reasonable excuse for her default in opposing the defendants' motions, it is unnecessary to consider whether she had a meritorious opposition to the motions (see Rizzo v GMES, LLC, 190 AD3d 995, 997; U.S. Bank v Blagman, 188 AD3d at 1284).
The parties' remaining contentions need not be reached in light of the foregoing.
BARROS, J.P., IANNACCI, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court