Bank of N.Y. v Karistina Enters., LLC (2022 NY Slip Op 05828)

Bank of N.Y. v Karistina Enters., LLC

2022 NY Slip Op 05828

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2019-10827
 (Index No. 605257/19)

[*1]Bank of New York, etc., appellant, 
v
Karistina Enterprises, LLC, etc., et al., respondents.

Davidson Fink LLP, Rochester, NY (Richard N. Franco of counsel), for appellant.
Solomon & Siris, P.C., Garden City, NY (Bill Tsevis of counsel), for respondents.

DECISION & ORDER
In an action for strict foreclosure pursuant to RPAPL 1352, the plaintiff appeals from an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered August 29, 2019. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint, denied the plaintiff's cross motion pursuant to CPLR 3025(b) for leave to amend the complaint, and, sua sponte, vacated an order and judgment of foreclosure and sale (one paper) of the same court (Thomas A. Adams, J.) dated January 15, 2019, entered in an action entitled Bank of N.Y. v Hedgspeth, commenced in the Supreme Court, Nassau County, under Index No. 6631/08, and set aside the foreclosure sale of the subject property.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, vacated the order and judgment of foreclosure and sale and set aside the foreclosure sale of the subject property is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed, on the law and in the exercise of discretion, the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint is denied, the plaintiff's cross motion pursuant to CPLR 3025(b) for leave to amend the complaint is granted, and the order and judgment of foreclosure and sale and the foreclosure sale are reinstated; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In April 2008, the plaintiff commenced a foreclosure action (hereinafter the 2008 action) in connection with a mortgage it held on certain real property located in Rockville Centre (hereinafter the subject property). In August 2008, the plaintiff obtained an order of reference. Subsequently, the plaintiff moved for a judgment of foreclosure and sale; however, in July 2009, the motion was voluntarily withdrawn. On October 23, 2012, the Supreme Court (Thomas A. Adams, J.), sua sponte, dismissed the 2008 action as abandoned. Thereafter, despite the prior dismissal of the 2008 action, on August 16, 2018, the plaintiff served the August 2008 order of reference with notice of entry and moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale dated January 15, 2019, the court, among other things, granted the plaintiff's motion, confirmed the referee's report, and directed the sale of the subject property. A foreclosure sale was held on April 16, 2019, and the plaintiff [*2]submitted the winning bid.
Meanwhile, in January 2018, the defendant Karistina Enterprises, LLC, purchased the subject property and executed a mortgage in favor of the defendant Loan Funder, LLC, Series 2827, encumbering the subject property. In April 2019, the plaintiff commenced the present action for strict foreclosure pursuant to RPAPL 1352 against the defendants. The defendants made a pre-answer motion pursuant to CPLR 3211(a)(5) and (7) to dismiss the complaint. The plaintiff opposed the motion and cross-moved pursuant to CPLR 3025(b) for leave to amend the complaint to add a cause of action for reforeclosure pursuant to RPAPL 1503.
By order entered August 29, 2019, the Supreme Court (Julianne T. Capetola, J.) granted the defendants' motion, denied the plaintiff's cross motion, and, sua sponte, vacated the order and judgment of foreclosure and sale entered in the 2008 foreclosure action and set aside the foreclosure sale. The plaintiff appeals. We reverse.
The Supreme Court should have granted the plaintiff's cross motion for leave to amend the complaint. Permission to amend a pleading should be "freely given" (CPLR 3025[b]; see Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959) where the proposed amendment is neither palpably insufficient nor patently devoid of merit, and there is no evidence that the amendment would prejudice or surprise the opposing party (see Bank of N.Y. v C & L Interiors, Inc., 168 AD3d 800, 802). "'No evidentiary showing of merit is required under CPLR 3025(b)'" (Favia v Harley-Davidson Motor Co., Inc., 119 AD3d 836, 836, quoting Lucido v Mancuso, 49 AD3d 220, 229), and "a court shall not examine the legal sufficiency or merits of a pleading unless [the] insufficiency or lack of merit is clear and free from doubt" (United Fairness, Inc. v Town of Woodbury, 113 AD3d 754, 755; see Krakovski v Stavros Assoc., LLC, 173 AD3d 1146, 1148).
Section 1503 of the Real Property Actions and Proceedings Law establishes an action in reforeclosure where an original foreclosure judgment, sale, or conveyance may be void or voidable as against any person. The statute grants a purchaser the right to maintain an action "to determine the right of any person to set aside such judgment, sale or conveyance or to enforce an equity of redemption or to recover possession of the property, or the right of any junior mortgagee to foreclose a mortgage" (id.). "Such action may be maintained even though an action against the defendant to foreclose the mortgage under which the judgment, sale or conveyance was made, or to extinguish a right of redemption, would be barred by the statutes of limitation" (id.; see RPAPL 1523; Targee St. Internal Medicine Group, P.C. v Deutsche Bank Natl. Trust Co., 92 AD3d 768, 769).
Here, the allegations set forth in the proposed amended complaint, and the submissions in support thereof, adequately set forth the requisite elements for a cause of action for reforeclosure under RPAPL 1503 (see generally Ridge Realty v Goldman, 263 AD2d 22, 27-28). Accordingly, the Supreme Court should have granted the plaintiff's cross motion for leave to amend the complaint.
Similarly, the Supreme Court erred in granting the defendants' motion to dismiss the complaint. In considering a motion to dismiss for failure to state a cause of action, "the court must afford the pleading liberal construction, take the allegations of the complaint as true and provide the benefit of every possible inference" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19; see Leon v Martinez, 84 NY2d 83, 88). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Rabos v R & R Bagles & Bakery, Inc., 100 AD3d 849, 851-852; see Guggenheimer v Ginzburg, 43 NY2d 268, 275; U.S. Bank N.A. v Herman, 174 AD3d 831, 832). Here, the evidentiary material submitted by the defendants in support of their motion to dismiss failed to utterly refute the factual allegations contained in the proposed amended complaint.
The Supreme Court also erred in, sua sponte, vacating the order and judgment of [*3]foreclosure and sale entered in the 2008 action and setting aside the foreclosure sale (see Lehman Bros. Bank v Hickson, 186 AD3d 1348, 1350). Further, the court lacked authority to vacate a judgment issued by a different justice in a different action (see CPLR 5015[a]; Sokoloff v Schor, 176 AD3d 120, 132-133).
In light of our determination, we need not reach the parties' remaining contentions.
CONNOLLY, J.P., RIVERA, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court