Proano v Gutman (2022 NY Slip Op 07253)

Proano v Gutman

2022 NY Slip Op 07253

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS, JJ.

2019-06556
2019-12895
2019-14155
 (Index No. 607237/15)

[*1]Consuelo Proano, etc., appellant, 
v
David Gutman, et al., defendants, Alice Kim, et al., respondents.

Silberstein, Awad & Miklos, P.C. (Veronica K. Sewnarine, Joseph P. Awad, and Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for appellant.
Kerley, Walsh, Matera & Cinquemani, P.C., Seaford, NY (Lauren B. Bristol of counsel), for respondent Alice Kim.
Law Offices of Benvenuto & Slattery (Rubin Paterniti Gonzalez Kaufman, LLP, New York, NY [Juan C. Gonzalez], of counsel), for respondents Jorge L. Gardyn and Jorge L. Garden, M.D., F.A.C.P., P.C.

DECISION & ORDER
In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), dated April 5, 2019, (2) a judgment of the same court dated May 17, 2019, and (3) a judgment of the same court dated November 22, 2019. The order, insofar as appealed from, (a) granted that branch of the motion of the defendant Alice Kim which was pursuant to CPLR 3211(a)(5) to dismiss the second cause of action insofar as asserted against her, (b) granted that branch of the unopposed motion of the defendant Mir Javed Iqbal which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him, (c) granted the motion of the defendants Jorge L. Gardyn and Jorge L. Garden, M.D., F.A.C.P, P.C., for summary judgment dismissing the complaint insofar as asserted against them, and (d) denied, as academic, those branches of the plaintiff's cross motion which were to preclude the defendants Alice Kim, Jorge L. Gardyn, and Jorge L. Garden, M.D., F.A.C.P., P.C., from limiting their liability pursuant to CPLR article 16. The judgment dated May 17, 2019, upon the order, is in favor of the defendant Mir Javed Iqbal and against the plaintiff dismissing the complaint insofar as asserted against that defendant. The judgment dated November 22, 2019, insofar as appealed from, upon the order, is in favor of the defendant Alice Kim and against the plaintiff dismissing the second cause of action insofar as asserted against that defendant.
ORDERED that the appeal from so much of the order as granted that branch of the motion of the defendant Alice Kim which was pursuant to CPLR 3211(a)(5) to dismiss the second cause of action insofar as asserted against her, and that branch of the unopposed motion of the defendant Mir Javed Iqbal which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him, and denied, as academic, that branch of the plaintiff's cross motion which was to preclude the defendant Alice Kim from limiting her liability pursuant to CPLR article 16 is [*2]dismissed; and it is further,
ORDERED that the order is modified, on the law, by (1) deleting the provision thereof granting that branch of the motion of the defendants Jorge L. Gardyn and Jorge L. Garden, M.D., F.A.C.P, P.C., which was for summary judgment dismissing the second cause of action insofar as asserted against them, and (2) deleting the provision thereof denying, as academic, the branch of the plaintiff's cross motion which was to preclude those defendants from limiting their liability pursuant to CPLR article 16; as so modified, the order is affirmed insofar as reviewed; and it is further,
ORDERED that the appeal from the judgment dated May 17, 2019, is dismissed; and it is further,
ORDERED that the judgment dated November 22, 2019, is reversed insofar as appealed from, on the law, that branch of the motion of the defendant Alice Kim which was pursuant to CPLR 3211(a)(5) to dismiss the second cause of action insofar as asserted against her is denied, the order is modified accordingly, the provision of the order denying, as academic, that branch of the plaintiff's cross motion which was to preclude that defendant from limiting her liability pursuant to CPLR article 16 is vacated; and it is further,
ORDERED that the matter is remitted to the Supreme Court, Nassau County, for a new determination in accordance herewith of that branch of the motion of the defendants Jorge L. Gardyn and Jorge L. Garden, M.D., F.A.C.P, P.C., which was for summary judgment dismissing the second cause of action insofar as asserted against them, and for a determination on the merits of those branches of the plaintiff's cross motion which were to preclude the defendants Alice Kim, Jorge L. Gardyn and Jorge L. Garden, M.D., F.A.C.P, P.C., from limiting their liability pursuant to CPLR article 16; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff payable by the defendant Alice Kim and the defendants Jorge L. Gardyn and Jorge L. Garden, M.D., F.A.C.P, P.C., appearing separately and filing separate briefs.
The appeal from so much of the order as granted that branch of the motion of the defendant Alice Kim which was pursuant to CPLR 3211(a)(5) to dismiss the second cause of action insofar as asserted against her and denied, as academic, that branch of the plaintiff's cross motion which was to preclude the defendant Alice Kim from limiting her liability pursuant to CPLR article 16 must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment dated November 29, 2019 (see Matter of Aho, 39 NY2d 241, 248). Additionally, the appeal from so much of the order as granted that branch of the unopposed motion of the defendant Mir Javed Iqbal which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him must be dismissed because no appeal lies from an order entered upon the default of the appealing party (see CPLR 5511; Rodriguez-Dominguez v Blackstone Contrs., LLC, 191 AD3d 817, 817). Further, since the judgment dated May 17, 2019, was entered upon the plaintiff's default in opposing the motion of the defendant Mir Javed Iqbal, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him, the appeal from the judgment dated May 17, 2019, must be dismissed (see U.S. Bank N.A. v Fuller-Watson, 197 AD3d 764, 766; HCA Equip. Fin., LLC v Mastrantone, 118 AD3d 850, 851). The issues raised on the appeal from so much of the order as granted that branch of the motion of the defendant Alice Kim which was pursuant to CPLR 3211(a)(5) to dismiss the second cause of action insofar as asserted against her and denied, as academic, that branch of the plaintiff's cross motion which was to preclude that defendant from limiting her liability pursuant to CPLR article 16 are brought up for review and have been considered on the appeal from the judgment dated November 22, 2019 (see CPLR 5501[a][1]).
The decedent, Cesar Proano, died of liver cancer on November 9, 2013, at the age of 69. The defendant Jorge L. Gardyn was the decedent's primary care physician. The defendant Mir Javed Iqbal was the decedent's hematologist/oncologist. In March 2012, the decedent underwent a CT scan which was interpreted by the defendant Alice Kim, a radiologist.
On November 9, 2015, the plaintiff, as administrator of the decedent's estate, commenced this action against Kim, Iqbal, Gardyn, Gardyn's medical office, Jorge L. Garden, M.D., F.A.C.P., P.C., and another individual, alleging causes of action to recover damages for medical malpractice and wrongful death. Following discovery, Kim moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred. Iqbal separately moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred. Further, the defendants Jorge L. Gardyn and Jorge L. Garden, M.D., F.A.C.P, P.C. (hereinafter together the Gardyn defendants), moved for summary judgment dismissing the complaint insofar as asserted against them, contending that the action was time-barred, that their care and treatment of the decedent did not deviate from the accepted standard of care, and that any departure was not a proximate cause of the decedent's death. The plaintiff only opposed the motions of Kim and the Gardyn defendants and cross-moved to preclude the defendants from limiting their liability pursuant to CPLR article 16.
The Supreme Court, inter alia, granted that branch of Kim's motion which was pursuant to CPLR 3211(a)(5) to dismiss the second cause of action insofar as asserted against her, granted the Gardyn defendants' motion, and denied, as academic, the plaintiff's cross motion. The court determined that the action was untimely, and that the continuous treatment doctrine did not toll the statute of limitations with respect to the Gardyn defendants. The court further determined that the plaintiff had failed to plead a cause of action for wrongful death.
Contrary to the plaintiff's contention, the Supreme Court properly directed dismissal of the medical malpractice cause of action insofar as asserted against the Gardyn defendants as time-barred. A medical malpractice cause of action "must be commenced within two years and six months of the act, omission or failure complained of or last treatment where there is continuous treatment for the same illness, injury or condition which gave rise to the said act, omission or failure" (CPLR 214-a). "Under the continuous treatment doctrine, the limitations period does not begin to run until the end of the course of treatment if three conditions are met: (1) the patient continued to seek, and in fact obtained, an actual course of treatment from the defendant physician during the relevant period; (2) the course of treatment was for the same conditions or complaints underlying the plaintiff's medical malpractice claim; and (3) the treatment is continuous" (Mello v Long Is. Vitreo-Retinal Consultant, P.C., 172 AD3d 849, 850 [internal quotation marks omitted]; see Wright v Southampton Hosp., 187 AD3d 1242, 1244; Gomez v Katz, 61 AD3d 108, 111).
Here, the Gardyn defendants demonstrated, prima facie, that the cause of action seeking to recover damages for medical malpractice insofar as asserted against them was time-barred, as they demonstrated that more than two years and six months had elapsed between the action's commencement in November 2015, and the decedent's last previous visit with the Gardyn defendants relating to the conditions and complaints underlying the plaintiff's medical malpractice claim, which occurred in March 2013 (see CPLR 214-a; Weinstein v Gewirtz, 208 AD3d 717).
In opposition, the plaintiff failed to raise a triable issue of fact as to whether the statute of limitations was tolled by the application of the continuous treatment doctrine (see Massie v Crawford, 78 NY2d 516, 519; Weinstein v Gewirtz, 208 AD3d at 720). The evidence reflects, among other things, that the decedent was diagnosed with liver cancer after an MRI conducted on April 3, 2013, by a nonparty, and that thereafter the decedent was treated for liver cancer by nonparties. The evidence further reflects that the decedent's subsequent visit with the Gardyn defendants in October 2013 was for aspects of the decedent's general medical care. Since there was no actual course of treatment by the Gardyn defendants for liver cancer or for symptoms related to liver cancer subsequent to March 2013, there could be no resultant continuous treatment tolling the statute of limitations (see Nykorchuck v Henriques, 78 NY2d 255, 259; Weinstein v Gewirtz, 208 AD3d at 720).
However, the Supreme Court erred in directing dismissal of the second cause of action insofar as asserted against Kim and the Gardyn defendants. Contrary to Kim's contention, the second cause of action in the complaint stated a cause of action for wrongful death. Although the plaintiff denominated the second cause of action as one for "loss of services," she alleged all the [*3]elements necessary to plead a cause of action for wrongful death, including "(1) the death of a human being, (2) the wrongful act, neglect or default of the defendant by which the decedent's death was caused, (3) the survival of distributees who suffered pecuniary loss by reason of the death of decedent, and (4) the appointment of a personal representative of the decedent" (Chong v New York City Tr. Auth., 83 AD2d 546, 547). Moreover, contrary to the Gardyn defendants' contention, the wrongful death cause of action was timely. EPTL 5-4.1 provides that an action for wrongful death "must be commenced within two years after the decedent's death." Here, the decedent died on November 9, 2013, and this action was commenced on November 9, 2015. Thus, "the cause of action alleging wrongful death was timely commenced within two years of the decedent's death, since, at the time of [his] death, [the] cause of action sounding in medical malpractice was not time-barred" (Baron v Brown, 101 AD3d 915, 916-917; see Venditti v St. Catherine of Siena Med. Ctr., 98 AD3d 1035).
Because the Supreme Court directed dismissal of the complaint insofar as asserted against the Gardyn defendants solely on the ground that the action was time-barred, it did not reach the Gardyn defendants' arguments that they were entitled to summary judgment dismissing the complaint insofar as asserted against them on the ground that their care and treatment of the decedent did not deviate from the accepted standard of care, and that any departure was not a proximate cause of the decedent's death. Accordingly, we remit the matter to the Supreme Court, Nassau County, for a new determination of that branch of the Gardyn defendants' motion which was for summary judgment dismissing the second cause of action insofar as asserted against them after consideration of these arguments. In addition, in light of our determination, those branches of the plaintiff's cross motion which were to preclude Kim and the Gardyn defendants from limiting their liability pursuant to CPLR article 16, are no longer academic. Accordingly, we also remit the matter for a determination on the merits of these branches of the plaintiff's cross motion.
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court