Lsirowkop, LLC v Behr (2025 NY Slip Op 00439)

Lsirowkop, LLC v Behr

2025 NY Slip Op 00439

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
CHERYL E. CHAMBERS
LOURDES M. VENTURA, JJ.

2021-04998
2022-01188
 (Index No. 619947/20)

[*1]Lsirowkop, LLC, appellant, 
v
Glenn Behr, defendant- respondent; Handy Lane 5, LLC, nonparty-respondent.

Matthews, Kirst & Cooley, PLLC (Lynn Gartner Dunne & Frigenti, LLP, Mineola, NY [Kenneth L. Gartner and Tiffany D. Frigenti], of counsel), for appellant.
Sarisohn Law Partners LLP, Commack, NY (James Tampellini of counsel), for defendant-respondent.
Balfe & Holland, P.C., Melville, NY (Adam S. Meiskin of counsel), for nonparty-respondent.

DECISION & ORDER
In an action, inter alia, to reform a contract, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Linda Kevins, J.), dated June 4, 2021, and (2) an order of the same court dated January 18, 2022. The order dated June 4, 2021, insofar as appealed from, granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint and denied the plaintiff's cross-motion for leave to amend the complaint. The order dated January 18, 2022, granted the unopposed motion of nonparty Handy Lane 5, LLC, to cancel a notice of pendency filed against the subject property.
ORDERED that the order dated June 4, 2021, is reversed insofar as appealed from, on the law, the plaintiff's cross-motion for leave to amend the complaint is granted, and the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint is denied; and it is further,
ORDERED that the appeal from the order dated January 18, 2022, is dismissed, as no appeal lies from an order entered upon the default of the appealing party (see CPLR 5511); and it is further,
ORDERED that one bill of costs is awarded to the plaintiff, payable by the defendant.
At all relevant times, the plaintiff owned real property located in East Hampton that was adjacent to real property owned by the defendant. The parties executed an agreement, which was subsequently recorded, apparently agreeing upon a 20-foot scenic easement on the defendant's property for the benefit of the plaintiff. The plaintiff commenced this action, inter alia, to reform the agreement. The plaintiff alleged that the agreement did not accurately reflect the width and/or location of the easement that the parties had negotiated, envisioned, and agreed upon, insofar as the parties intended the benefit of the 20 feet to be in addition to, and not inclusive of, other setbacks required under local zoning laws. The defendant moved pursuant to CPLR 3211(a) to dismiss the [*2]complaint, among other things, for failure to state a cause of action, and the plaintiff cross-moved for leave to amend the complaint. In an order dated June 4, 2021, the Supreme Court, inter alia, granted the defendant's motion and denied the plaintiff's cross-motion.
Thereafter, nonparty Handy Lane 5, LLC (hereinafter Handy Lane), moved to cancel a notice of pendency filed against the property owned by the defendant. The plaintiff did not oppose the motion. In an order dated January 18, 2022, the Supreme Court granted the motion. The plaintiff appeals from both orders.
A motion for leave to amend a pleading may be made "at any time," and leave shall be freely given absent prejudice or surprise to the opposing party, unless the proposed amendment is palpably insufficient or patently devoid of merit (id. § 3025[b]; see Burger v Village of Sloatsburg, 216 AD3d 730; Seidler v Knopf, 186 AD3d 886, 888; R & G Brenner Income Tax Consultants v Gilmartin, 166 AD3d 685). No evidentiary showing of merit is required under CPLR 3025(b) (see Precious Care Mgt., LLC v Monsey Care, LLC, 221 AD3d 922, 924). Here, the Supreme Court erred in denying the plaintiff's cross-motion for leave to amend the complaint on the ground that the proposed amended complaint was not properly verified, as there is no requirement that a proposed amended complaint in an action for reformation be verified at the time of a motion for leave to amend (see CPLR 3020, 3025[b]). In addition, the amendment was not palpably insufficient, did not prejudice or surprise the opposing party, and was not patently devoid of merit (see First Natl. Bank of Long Is. v Four Keys Realty, LLC, 213 AD3d 639, 641; see generally Chimart Assoc. v Paul, 66 NY2d 570, 573). Moreover, contrary to the defendant's contention, the plaintiff's allegations of fraud and mistake satisfied the pleading requirements of CPLR 3016(b) by stating in sufficient detail the facts constituting the alleged wrong, as the statements were "sufficient to permit a reasonable inference of the alleged conduct" (Gruber v Donaldsons, Inc., 201 AD3d 887, 889; see CPLR 3016[b]; J.P. Morgan Mtge. Acquisition Corp. v South Homes, Inc., 189 AD3d 1381, 1383-1384). Accordingly, the court should have granted the plaintiff's cross-motion for leave to amend the complaint.
When an amended complaint has been served, it supersedes the original complaint and becomes the only complaint in the action (see Burger v Village of Sloatsburg, 216 AD3d 730). Here, since the defendant elected to apply his motion to dismiss to the proposed amended complaint, we consider the motion as directed against the proposed amended complaint (see Tuama v Lezama, 217 AD3d 715, 716; Sobel v Ansanelli, 98 AD3d 1020, 1021-1022; see also Bank of N.Y. v Karistina Enters., LLC, 209 AD3d 820, 822-823).
In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 88; Meyer v North Shore-Long Is. Jewish Health Sys., Inc., 137 AD3d 880, 880-881). "'Where a court considers evidentiary material in determining a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), but does not convert the motion into one for summary judgment, the criterion becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless the movant shows that a material fact as claimed by the plaintiff is not a fact at all and no significant dispute exists regarding the alleged fact, the complaint shall not be dismissed'" (Lopez v Lozner & Mastropietro, P.C., 166 AD3d 871, 872, quoting Bodden v Kean, 86 AD3d 524, 526; see Guggenheimer v Ginzburg, 43 NY2d 268, 275).
Here, taking the allegations in the proposed amended complaint as true and according the plaintiff the benefit of every possible favorable inference, the proposed amended complaint sufficiently stated a cause of action for reformation of the agreement based on mutual mistake and fraud (see Baird v Baird, 221 AD3d 1465, 1466; 106 Spring St. Owner LLC v Workspace, Inc., 188 AD3d 588, 589; Etzion v Etzion, 62 AD3d 646, 651). Moreover, the evidentiary material submitted by the defendant in support of his motion failed to utterly refute the factual allegations contained in the proposed amended complaint (see Bank of N.Y. v Karistina Enters., LLC, 209 AD3d at 823; cf. Leacock v Leacock, 132 AD3d 818, 819). The materials outside the record that were referenced in the plaintiff's brief on appeal and at oral argument have not been considered on these appeals. [*3]Accordingly, the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint should have been denied.
The plaintiff failed to submit papers in opposition to Handy Lane's motion to cancel the notice of pendency. "'No appeal lies from an order or judgment granted upon the default of the appealing party'" (U.S. Bank N.A. v Fuller-Watson, 197 AD3d 764, 766, quoting Rodriguez-Dominguez v Blackstone Contrs., LLC, 191 AD3d 817, 817; see CPLR 5511). Accordingly, the appeal from the order dated January 18, 2022, must be dismissed (see Rodriguez-Dominguez v Blackstone Contrs., LLC, 191 AD3d 817).
DILLON, J.P., GENOVESI, CHAMBERS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court