Ernest v St. Juste (2025 NY Slip Op 04160)

Ernest v St. Juste

2025 NY Slip Op 04160

Decided on July 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-07044 
2024-10027
 (Index No. 512744/20)

[*1]Timothy Ernest, appellant, 
v
Timothy St. Juste, respondent.

Karl A. Scully, Mount Vernon, NY, for appellant.
Thompson & Skrabanek, PLLC, New York, NY (J.R. Skrabanek of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Kerry J. Ward, J.), dated March 14, 2024, and (2) an order of the same court dated June 20, 2024. The order dated March 14, 2024, inter alia, granted the defendant's unopposed motion for summary judgment dismissing the complaint. The order dated June 20, 2024, insofar as appealed from, upon renewal and reargument, adhered to the determination in the order dated March 14, 2024, granting the defendant's unopposed motion for summary judgment dismissing the complaint.
ORDERED that the appeal from the order dated March 14, 2024, is dismissed, as no appeal lies from an order entered upon the default of the appealing party (see CPLR 5511); and it is further,
ORDERED that the order dated June 20, 2024, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiff commenced this action, inter alia, to recover damages for breach of contract. Thereafter, the defendant moved for summary judgment dismissing the complaint. In an order dated March 14, 2024, the Supreme Court, among other things, granted the defendant's unopposed motion. In April 2024, the plaintiff moved for leave to renew and reargue the defendant's unopposed motion. In an order dated June 20, 2024, the court granted leave to renew and reargue, and, upon renewal and reargument, adhered to the prior determination granting the defendant's unopposed motion for summary judgment dismissing the complaint. The plaintiff appeals from both orders.
No appeal lies from an order or judgment granted upon the default of the appealing party (see CPLR 5511; U.S. Bank N.A. v Fuller-Watson, 197 AD3d 764, 766; Wells Fargo Bank, N.A. v Davis, 181 AD3d 890, 892). Here, because the order dated March 14, 2024, was entered upon the plaintiff's default in opposing the defendant's motion for summary judgment, the plaintiff's [*2]appeal from that order must be dismissed (see CPLR 5511; Rodriguez-Dominguez v Blackstone Contrs., LLC, 191 AD3d 817, 817).
"The proper procedure to cure a default in opposing a motion for summary judgment is to move to vacate the default pursuant to CPLR 5015(a)(1), and to appeal that determination, if necessary" (U.S. Bank, N.A. v Blagman, 188 AD3d 1284, 1285; see BSD 253, LLC v Wilmington Sav. Fund Socy., FSB, 219 AD3d 900, 901). Since the order dated March 14, 2024, was entered upon the plaintiff's default in opposing the defendant's motion, the Supreme Court should have treated the plaintiff's motion for leave to renew and reargue as one seeking to vacate the default, and we construe it as such (see Day v Sguera Props., LLC, 205 AD3d 996, 997; Dobbyn-Blackmore v City of New York, 123 AD3d 1083, 1083).
"A party seeking to vacate an order or judgment entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion" (Wells Fargo Bank, N.A. v Plaut, 206 AD3d 953, 955; see CPLR 5015[a][1]; Giotis v Besser, 207 AD3d 526, 527). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court, and the court has discretion to accept law office failure as a reasonable excuse where the claim is supported by a detailed and credible explanation of the default at issue" (Seaman v New York Univ., 175 AD3d 1578, 1579; see CPLR 2005; HSBC Bank USA, N.A. v Hutchinson, 215 AD3d 645, 646). However, "mere neglect is not a reasonable excuse" (OneWest Bank, FSB v Singer, 153 AD3d 714, 716; see Wilmington Sav. Fund Socy., FSB v Helal, 211 AD3d 991, 993; Codrington v Churcher, 209 AD3d 626, 627).
Here, the plaintiff's assertions of law office failure were conclusory and unsubstantiated, and thus, were insufficient to establish a reasonable excuse for his default in opposing the defendant's motion for summary judgment (see Saleh v Hudson 418 Riv. Rd., Ltd., 225 AD3d 812, 814; Giotis v Besser, 207 AD3d at 528; Seaman v New York Univ., 175 AD3d at 1579-1580). Since the plaintiff failed to demonstrate a reasonable excuse for his default, we need not consider whether he demonstrated the existence of a potentially meritorious opposition to the defendant's motion (see Ross v Emefieh, 227 AD3d 739, 740-741; Wilmington Sav. Fund Socy., FSB v Helal, 211 AD3d at 993).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BARROS, J.P., WARHIT, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court