Rojas v Consolidated Edison Co. of N.Y., Inc. (2026 NY Slip Op 01545)

Rojas v Consolidated Edison Co. of N.Y., Inc.

2026 NY Slip Op 01545

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2023-08801
 (Index No. 502332/21)

[*1]Camboy R. Rojas, appellant, 
vConsolidated Edison Company of New York, Inc., defendant, Empire City Subway Company, respondent.

Gorayeb & Associates, P.C., New York, NY (Frank Kelly of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Jung Hoon Yang, Alexandra Rothstein, and Dean L. Pillarella of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Joy F. Campanelli, J.), dated June 7, 2023. The order, insofar as appealed from, granted that branch of the motion of the defendant Empire City Subway Company which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the appeal is dismissed, with costs.
The plaintiff commenced this action against the defendants, Empire City Subway Company (hereinafter Empire) and Consolidated Edison Company of New York, Inc., to recover damages for personal injuries he allegedly sustained when he tripped and fell on a manhole cover in Queens. Empire moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff opposed the motion. Thereafter, in April 2023, the Supreme Court issued an interim order directing the parties to correct their submissions on or before May 31, 2023, to comply with the word count requirements set forth in 22 NYCRR 202.8-b. The plaintiff failed to timely comply with the court's directive. By order dated June 7, 2023, the court, among other things, declined to consider the plaintiff's opposition and granted that branch of Empire's motion. The plaintiff appeals.
No appeal lies from an order entered upon the default of the appealing party (see CPLR 5511). "The proper procedure for obtaining review of an order entered on default is to move to vacate the default and, if necessary, appeal from the order deciding that motion" (Matter of Louissaint v Williams, 235 AD3d 873, 873; see U.S. Bank N.A. v Fuller-Watson, 197 AD3d 764, 766).
Here, the appeal must be dismissed, as the June 7, 2023 order was entered upon the plaintiff's default (see CPLR 5511; see also Depalma v Zherka, 217 AD3d 831, 832; Xiu Jian Sun v Min Liu, 199 AD3d 968, 968).
The plaintiff's remaining contentions need not be reached in light of the foregoing.
BARROS, J.P., CHRISTOPHER, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court