Everest Homes, Inc. v Justice

2026 NY Slip Op 01940

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Everest Homes, Inc., respondent,

v

Winfred M. Justice, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2024-05580, (Index No. 6055/16)

Lara J. Genovesi, J.P.

Linda Christopher

Lillian Wan

Lourdes M. Ventura, JJ.

Gleich, Farkas & Emouna LLP, Great Neck, NY (Lara P. Emouna of counsel), for appellant.

Michael T. Sucher, Sag Harbor, NY (Andrew M. Shabasson of counsel), for respondent.

[*1]

DECISION & ORDER

In an action for the partition and sale of real property, the defendant appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated May 13, 2024. The order denied the defendant's motion for leave to reargue and renew the plaintiff's unopposed motion, inter alia, to confirm a referee's report, which had been granted in an order of the same court dated September 17, 2020.

ORDERED that the order dated May 13, 2024, is affirmed, with costs.

The plaintiff commenced this action in 2016 against the defendant seeking the partition and sale of certain real property located in Brooklyn. The defendant failed to appear or answer the complaint. In an order and interlocutory judgment of partition and sale dated September 28, 2018, the Supreme Court, inter alia, declared that the plaintiff owned a two-thirds interest in the property and the defendant owned a one-third interest in the property and directed the partition and sale of the property.

Thereafter, the defendant moved, among other things, to vacate the order and interlocutory judgment of partition and sale, arguing that he had not been served with process. The Supreme Court directed a hearing on the issue of whether the defendant was properly served with process. Following the hearing, a referee determined that service of process was properly effectuated on the defendant pursuant to CPLR 308(2). The plaintiff moved, inter alia, to confirm the referee's report. The defendant did not oppose the motion. In an order dated September 17, 2020, the court, among other things, granted the plaintiff's unopposed motion, determining that service was valid, and denied the defendant's motion.

In April 2024, the defendant moved for leave to reargue and renew the plaintiff's unopposed motion. In an order dated May 13, 2024, the Supreme Court denied the defendant's motion. The defendant appeals.

The proper procedure to cure a default in opposing a motion is to move pursuant to CPLR 5015(a)(1) to vacate the default, and, if necessary, to appeal that determination (see Ernest [*2]v St. Juste, 240 AD3d 667, 668; U.S. Bank, N.A. v Blagman, 188 AD3d 1284, 1285). Since the order dated September 17, 2020, was entered upon the defendant's default in opposing the plaintiff's motion, the Supreme Court should have treated the defendant's motion for leave to reargue and renew as one seeking to vacate the default, and we construe it as such (see Ernest v St. Juste, 240 AD3d at 668; Day v Sguera Props., LLC, 205 AD3d 996, 997; Dobbyn-Blackmore v City of New York, 123 AD3d 1083, 1083).

"In order to vacate a default in opposing a motion pursuant to CPLR 5015(a)(1), the moving party is required to demonstrate a reasonable excuse for his or her default and a potentially meritorious opposition" (U.S. Bank, N.A. v Blagman, 188 AD3d at 1285 [internal quotation marks omitted]). Here, the defendant offered no excuse for his default in opposing the plaintiff's motion. Since the defendant failed to demonstrate a reasonable excuse for his default, we need not consider whether he demonstrated the existence of a potentially meritorious opposition to the plaintiff's motion (see U.S. Bank N.A. v Morino, 207 AD3d 776, 777-778; Day v Sguera Props., LLC, 205 AD3d at 997).

The parties' remaining contentions either are improperly raised for the first time on appeal or need not be reached in light of our determination.

GENOVESI, J.P., CHRISTOPHER, WAN and VENTURA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court